## JOE OLIVER v. THE STATE.

### No. 4524. Decided June 20, 1917.

**1.—Theft of Cattle—Confessions—Rule Stated.**

Where, upon trial of theft of cattle, defendant's confession, which was introduced in evidence, was not reduced to writing, over objections of defendant to the oral proof of said confession, the same was reversible error. It appearing from the record that he was under arrest either as an attached witness or as the defendant in the case, and was afterwards indicted for said offense; he having made such confession before the grand jury. Following Wisdom v. State, 42 Texas Crim. Rep., 579. Prendergast, Judge, dissenting.

**2.—Same—Confessions—Evidence—Rule Stated.**

The fact that the confession is made in the presence of the grand jury does not render it admissible, nor prevent it; the inquiry is, was the confession made under the conditions and with the formalities required by statute to make admissible a confession when the accused is under arrest. Following Thomas v. State, 35 Texas Crim. Rep., 178, and other cases. The same must be in writing and signed by the defendant. Following Brown v. State, 55 Texas Crim. Rep., 572; and where the confession was made by defendant in the instant case under circumstances which rendered it inadmissible unless the formalities prescribed by statute were complied with, its introduction in evidence is reversible error. Following Fry v. State, 58 Texas Crim. Rep., 170, and other cases. Prendergast, Judge, dissenting.

Appeal from the District Court of Bowie. Tried below before the Hon. H. F. O'Neal.

Appeal from a conviction of theft of cattle; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Sid Crumpton,* for appellant.—On questions of confessions: Fry v. State, 58 Texas Crim. Rep., 170, 124 S. W. Rep., 920; Simmons v. State, 184 S. W. Rep., 226; Branch's Crim. Law, sec. 799.

*E. B. Hendricks,* Assistant Attorney General, for the State.

MORROW, JUDGE.—Appellant's conviction was for theft of cattle. The facts show that Robert Finch's cow was driven from his pasture. He identified the hide of the animal in the possession of the express company, it having been shipped by R. N. Epperson. Epperson did not in person deliver the hide to the express company, but it, with other hides, was delivered by a negro boy not identified. Epperson kept a restaurant and butchershop, and was in the habit of shipping hides. There was evidence that appellant had at times worked for Epperson, and aside from the appellant's confession, there was evidence that appellant was in Epperson's employ at the time of the theft. Appellant was arrested and placed in jail and the evidence brought forward in the bill of exceptions is conflicting as to whether his detention was under charge of the offense or as an attached witness, but there is no conflict as to the fact that he was suspected of the crime; that he had knowledge of this; that he was brought by the jailer into the grand jury room and there made a statement with reference to his connection with the crime and that he was returned to the jail in custody of the jailer after making the statement. The county attorney said that before the statement was made he had sufficient evidence against appellant, in his judgment, to form a basis of indictment against him for this offense. When brought before the grand jury the State's attorney advised appellant that he was not required to make a statement and that one made might be used against him and could not be used in his favor; and after this warning appellant stated, in substance, that he and another employe of Epperson got the cow from Finch's pasture and brought her to Epperson's place, butchered her at night and the next morning each received $8 from Epperson for their services in the matter.

This confession was not reduced to writing, but over appellant's objection oral proof of it was made. This court has frequently held that a confession made before the grand jury while the accused was under arrest could be used against him, provided the proof showed that the statutory requisites to the admissibility of the confession were met. Wisdom v. State, 42 Texas Crim. Rep., 579. The fact that the confession is made in the *presence of the grand jury* does not render it admissible, nor prevent it. The inquiry is: Was the confession made under the conditions and with the formalities required by statute to make admissible a confession when the accused is under arrest? Branch's Digest, sec. 227, and cases cited; Thomas v. State, 35 Texas Crim. Rep., 178; Grimsinger v. State, 44 Texas Crim. Rep., 1. Formerly the statutory requisites only required that the confession be voluntarily made after due warning. As amended by the Act of 1907, page 219, the statute requires that the things above, and in addition thereto that the confession be in writing and signed by the accused. The law is as follows: "The confession of a defendant may be used

in evidence against him if it appears that the same was freely made without compulsion or persuasion, under the rules hereinafter prescribed." C. C. P., art. 809.

"The confession shall not be used if, at the time it was made, the defendant was in jail or other place of confinement, nor while he is in custody of an officer, unless made in the voluntary statement of accused in an examining court in accordance with law, or *be made in writing and signed by him;* the written statement shall show that he has been warned by the person to whom the same is made," etc. C. C. P., art. 810. It is only those confessions which are made in accordance with law which are admissible. Brown v. State, 55 Texas Crim. Rep., 572; Vernon's C. C. P., p. 851, note 3. That the circumstances under which the statement was made by appellant were such as to render it inadmissible unless the formalities prescribed by the foregoing statute were complied with, is, we think, established by decisions of this court in the case of Fry v. State, 58 Texas Crim. Rep., 170; Gilder v. State, 35 Texas Crim. Rep., 360; Calloway v. State, 55 Texas Crim. Rep., 262; Simmons v. State, 184 S. W. Rep., 226; Wood v. State, 22 Texas Crim. App., 431. In Fry's case, Fry was suspected of theft and the matter was under investigation by the grand jury, and while not actually under arrest or in jail he was practically in custody in that he would not have been permitted to have escaped. The court, among other reasons for holding testimony inadmissible uses the following language: "Where a statement, admission, or confession of an accused party when under arrest or in confinement, is sought to be used, under the present statute, the same must be reduced to writing under the formalities and solemnities set out in the terms of that statute. The statements of appellant were not reduced to writing as required by the recent statute, and, therefore, inadmissible." 58 Texas Crim. Rep., 170. In Gilder's case, 35 Texas Crim. Rep., testimony of a witness given with knowledge that he was suspected of the crime, and under circumstances showing arrest and custody similar to those in the present case, it was held by this court in the opinion by Presiding Judge Hurt that the statement given in the absence of the formalities required by the statute with reference to confessions was not admissible against him; to the same effect is the holding in the Woods case, 22 Texas Crim. App., 431. In Calloway's case, 55 Texas Crim. Rep., 262, the principle applied in the Wood case, 22 Texas Crim. App., supra, and the Gilder case, 35 Texas Crim. Rep., supra, was adhered to by this court to a statement of facts in which the county attorney had caused the party through the use of a subpoena to come to his office and give testimony where prosecution for the offense under investigation followed shortly thereafter. In the Simmons case, 184 S. W. Rep., 226, and the case of Wood v. State, 22 Texas Crim. App., supra, and other cases following which are mentioned above, were expressly reaffirmed in a case where the appellant's statement before the grand jury, made without previous warning, was held inadmissible.

The decisions of this court are harmonious to the effect that to render a confession admissible where the party making it is in the custody of an officer that it must be given under the formalities named in the statute and one of these in the present statute is that it be reduced to writing and signed by the party making it.

Appellant's confession was made while he was in custody of an officer, and was voluntary and after warning. It was not in an examining court; it was not reduced to writing, and it was not signed by the appellant, and its introduction against him was prohibited by article 810, C. C. P.; Branch's Penal Code, p. 42, and cases cited; Layton v. State, 52 Texas Crim. Rep., 513; Branch's Ann. P. C., p. 33, sec. 60, and cases cited.

The judgment of the lower court is reversed and the cause remanded.

*Reversed and remanded.*

PRENDERGAST, JUDGE (dissenting).—Appellant and Mack Parnell were jointly indicted for the theft of a cow belonging to Robert Finch. In the same indictment Bob Epperson was charged as an accomplice of said Oliver and Parnell in the theft of said cow, and Epperson was also charged therein with aiding said parties in evading arrest for the theft of said cow. And also he was charged with receiving from said parties and concealing said cow knowing that she was stolen. A severance was had and appellant, Oliver, was first to be placed on trial, Epperson next and Parnell last.

The proof, without any conflict or contradiction, showed that on the night of April 29, 1915, said Finch's cow was stolen out of his little pasture near his residence about one mile from the town of DeKalb. The tracks of two persons and those of the cow showed that she was roped in the pasture and taken out of it and in a circuitous route by said two parties, driven with the rope on her, to DeKalb and was butchered that night, and next day said Epperson shipped the hide of this cow by express to a hide company in Texarkana. Finch with others went to this hide house in Texarkana, found the hide of his cow, thoroughly identified it, and it was shipped back by express to DeKalb. What became of it before this trial is not disclosed. There can be no question from the testimony but that said Finch's cow was stolen on said occasion and that said three persons, appellant, Parnell and Epperson, were the guilty parties.

In October following the grand jury investigated this theft. Appellant was a witness and testified before the grand jury about it. The State on this trial offered to prove what he testified at the time, and he claimed in his objections that his testimony was a confession and not being in writing was inadmissible. When this question came up the judge retired the jury and out of their hearing fully investigated this question. Not only the grand juror who was introduced for the purpose of proving what appellant swore before the grand jury testified fully on the point, but also the district attorney, appellant's attor-

ney and some of the officers also testified. The bill presenting this question is very lengthy, some thirteen typewritten pages. It reproduces in question and answer form the testimony of these witnesses heard by the judge and all that then occurred. It is unnecessary to reproduce the whole bill. I will state the substance of what it shows.

When the grand jury began this investigation they learned that appellant and said Parnell were important witnesses. Evidently the grand jury must have thought that Epperson was the really guilty party and their investigation was directed toward him. Late one evening the grand jury issued an attachment for appellant and Parnell as witnesses to appear before them next day. They had some difficulty in procuring an officer to execute this attachment. However, they succeeded that night and some officers or persons for them went to DeKalb and attached these two witnesses at night. They returned with them about 4 o'clock the next morning and took them to the jail to turn over to the officer there to be held to appear before the grand jury the next morning. The grand jury reconvened and continued this investigation the next morning about 8:30 o'clock. These two witnesses were taken over to the grand jury. Parnell first went into the grand jury and testified; appellant knew it. He waited in the clerk's office until Parnell got through. He then specially desired to also testify before the grand jury and so informed the grand jury. Thereupon he was introduced as a witness and testified before the grand jury. His testimony was voluntary and was after a full and complete warning that he might be implicated and that his testimony could be used against and not for him. With all this knowledge he persisted in his desire to testify and the grand jury thereupon let him testify. His testimony was not a confession; not treated or thought of as such. It was just like the testimony of any other witness before the grand jury. He was not under arrest at the time charged with this or any other offense. He was merely an attached witness. After hearing all this testimony, in the absence of the jury, the court held properly that he was not under arrest; that his testimony before the grand jury was admissible against him, and thereupon had the jury returned and permitted the grand juror Crump to reproduce his testimony before the grand jury. His testimony before the grand jury, as sworn to by this grand juror was to the effect that late the evening before the cow was taken that night Epperson told him and Parnell to go and get a cow at Finch's that night, which they did. He briefly told where and how they took her from Finch's pasture to Epperson's butcher pen and butchered her and that Epperson had the meat taken to his butcher shop early next morning, and that Epperson paid him and Parnell each $8 for going and getting the cow.

The evidence further developed that appellant was merely a hired hand for Epperson and worked for him as such. His testimony before the grand jury was an attempt by him to exonerate himself as to theft;

that he was merely acting as a hired hand and was working for Epperson and under him and simply executed his orders and that was all.

His testimony before the grand jury, as stated, was not a confession; not so intended by him or by the prosecuting officer or the grand jury, but was merely his testimony in an attempt to exonerate himself from any criminal liability. Hence our confession statute had no application as correctly held by the trial judge. His testimony before the grand jury could be proven against him legally just the same as if he had testified on a previous trial or an examining trial when he should fail to again testify when on a second or any other trial. He did not testify on this trial. He offered no testimony whatever.

None of the cases cited by the majority opinion are in point. No one questions the law that when a confession as such is attempted to be proven against an accused it must be in writing after due warning and conform to our statute on the subject. The decisions cited merely show this and in addition that when an accused is before the grand jury or a case against him is under investigation and he is not informed thereof and not warned then his testimony under such circumstances would not be admissible against him. But if he is warned, knows the facts and still wants to testify voluntarily and does so, then his testimony is admissible against him. That was this case and his testimony was not a confession, not thought of as such when he was testifying before the grand jury, and I think was clearly admissible.

This judgment should have been affirmed, not reversed. I respectfully dissent.