# JANUARY, 1925.

### ROBERT CROSS v. THE STATE.

No. 8575.   Delivered January 14, 1925.

Rehearing denied February 25, 1925.

1.—Poisoning Food—Evidence—Properly Admitted.

Where upon a trial for poisoning food with intent to injure, it was not error to permit two witnesses to testify as to finding particles of paris green, in appellant's buggy, and around the well of the alleged poisoned prosecutor, and that there were found under the seat of appellant's buggy two pieces of paste board box, which had on them what looked like paris green.

2.—Same—Evidence—Expert Knowledge—Not Necessary.

It was not error for the court to admit the testimony of the witnesses Guinn and Gregory.  Their testimony was not too remote, nor was it required of them that they should have technical or expert knowledge to identify paris green.  Witnesses testified to facts which showed a familiarity with the substance, and appellant's bill does not show a lack of knowledge by them of the subject, nor that expert knowledge was necessary.  Such showing in the bill would be essential to authorize a reversal.  See Dane v. State, 36 Tex. Crim. Rep., 84 and other cases cited.

##### ON REHEARING.

3.—Same—Motion for New Trial—Absent Witnesses—Postponement Not Requested.

In his motion for a new trial appellant sets up the unexpected absence of several witnesses, who had been subpoenaed, and who for unavoidable rea-

sons were not in attendance. After discovering that these witnesses would not be present, he filed no written motion for a continuance or postponement of the trial. Many cases will be found collated under Art. 616, C. C. P., holding that such a proceeding is requisite, and that in its absence the matter cannot be raised upon a motion for a new trial. See also sec. 340 page 195 Branch's Ann, P. C.

Appeal from the District Court of Haskell County. Tried below before the Hon. W. R. Chapman, Judge.

Appeal from a conviction for poisoning food, with intent to injure; penalty, two years in the penitentiary.

The opinion states the case.

*L. D. Ratliff* and *Dennis Ratliff*, for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

MORROW, Presiding Judge.—By indictment appellant was charged with mixing poison with food with the intent to injure E. S. Dunlap and other persons unknown to the grand jury; upon conviction his punishment was fixed at confinement in the penitentiary for a period of two years.

The reliance of the State was upon circumstantial evidence which is deemed sufficient to support the finding of the jury to the effect that Paris Green was, by the appellant, put in the coffee pot used by Dunlap with the intent to poison him. Appellant testified and denied the commission of the offense.

The State's theory, supported by the testimony, is this: Dunlap was a creditor of the appellant's mother, and lived alone. Traveling in his buggy, appellant went to the home of Dunlap, passing a school-house on the way. While at the home of Dunlap appellant got a bucket of water from the cistern and put it on a shelf on the porch of Dunlap's house. Appellant's arrival was late in the evening. Dunlap prepared and ate supper, of which appellant did not partake, claiming to have been ill. Dunlap became violently ill during the night. Appellant left early the next morning. Paris Green was found in the coffee pot used by Dunlap at supper, also at the water-bucket, the cistern and along the road which was traveled by appellant. At the school-house mentioned there was found a box which, according to the testimony, had contained Paris Green, and upon which box was the cost mark of a merchant, who, a short time before, had sold a box of Paris Green to the appellant. The box found was identified by the merchant.

Bills of exception complain of the receipt in evidence of the testimony of Gregory and Holmsley to the effect that on the second day after the occurrence they examined the buggy which was at the home of the appellant, and which had been used by him in

traveling to the house of Dunlap, and found under the seat, two pieces of a paste board box. Gregory said it had on it what looked like Paris Green. Quoting him:

"In my opinion that is Paris Green on it. I have not personally had any experience in using Paris Green; I have seen it used in poisoning cotton several years."

As shown in one of the bills, Holmsley testified:

"I found some green powder-looking stuff; looked like Paris Green; that is what I thought it was."

Guinn said that he examined the premises of Dunlap and found little specks of Paris Green on the ground near the cistern. He also found Paris Green on the gallery of the house, in the water bucket on the kitchen floor, and in the coffee pot. He said he had used Paris Green in killing worms and ants, and was acquainted with it.

Two objections were urged against the testimony of each of these witnesses. One was to the point that the evidence was too remote and was not *res gestae.* This objection, we think, was not tenable. The conditions described by the witnesses were relevant circumstances tending to support the State's case. We have failed to perceive any evidence in the record requiring a technical or expert knowledge to identify Paris Green, that is, to recognize it when it is seen. The witnesses Guinn and Gregory, however, testified to facts which show a familiarity with the substance. Holmsley's testimony was cumulative of theirs upon an issue which was not controverted, that is, that on the box found in the buggy of the appellant was a powder which looked like Paris Green, and which the witness thought was Paris Green. The bill does not show a lack of knowledge on the subject, nor that expert knowledge was necessary. Such showing in the bill would be essential to authorize a reversal. Dane v. State, 36 Texas Crim. Rep., 84; Bratt v. State, 38 Texas Crim. Rep., 122; Holder v. State, 81 Texas Crim. Rep., 197.

No complaint is made of the charge of the court.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant contends we were in error in not sustaining his bill of exception taken to the refusal of the court to grant him a new trial. He sets up in said motion that when his case was called for trial four witnesses were absent, all of whom had been properly served with process; that he announced ready expecting the witnesses to come in as he had made arrangements to have them brought from their homes some 18 miles distant from the court house; that one of the witnesses had a car and had agreed to bring the others, but that on the morning of the trial this wit-

TEX.    .—14.

ness's child was taken seriously ill with diphtheria, which required him to use his car in taking the child to a sanitarium in another county; that after the trial had proceeded for some time and his witnesses still had not come he sent a service car after them but on account of the condition of the roads the driver was unable to make the trip and return with the witnesses in time to testify. It is also averred in the motion that he asked the court for a postponement of the case. Attached to the motion are the affidavits of the service car driver and some of the witnesses who were absent. Article 616, C. C. P., provides that:

"A continuance may be granted on the application of the State or defendant after the trial has commenced, when it is made to appear to the satisfaction of the court that by some unsuspected occurrence since the trial commenced, which no reasonable diligence could have anticipated, the applicant is so taken by surprise that a fair trial can not be had, or the trial may be postponed to a subsequent day of the term."

After appellant discovered his witnesses would not be present he filed no written motion asking permission to withdraw his announcement and for a continuance or postponement of his trial. Many cases will be found collated in the notes under Article 616 holding that such a proceeding is requisite, and that in its absence the matter can not be raised upon motion for new trial. See Graves v. State, 144 S. W. Rep., 961; Smith v. State, 40 Texas Crim. Rep., 391; Batson v. State, 36 Texas Crim. Rep., 606; Bryant v. State, 35 Texas Crim. Rep., 394; Childs v. State, 10 Texas Crim. App., 183. Many other cases to the same effect will be found under Section 340, page 195, Branch's Ann., P. C.

It is manifest that without enforcement of this rule orderly and expeditious trials could not be had. If the point should be decided as contended for by appellant the mere verbal suggestion of a postponement or continuance for an absent witness would lay a predicate, and the trial then proceed with accused taking chances of an acquittal; if disappointed in obtaining such result he could raise the question for the first time in his motion for new tral as to the materiality of the absent witness's testimony and demand a re-trial. We can not give our sanction to such procedure. The only case to which we are referred by appellant is Cooper v. State, 163 S. W. Rep., 424. It will be observed that the judgment was not reversed upon this point alone. There appeared to be a number of matters complained of and the court held that while no one might have been sufficient to authorize a reversal, yet when considering them together the court was not satisfied to permit a conviction to stand in that particular case. We do not regard

Cooper's case antagonistic to the many holding to the doctrine which we have followed in the present instance.

The motion for rehearing is overruled.

*Overruled.*