MORROW, Presiding Judge.
 

 The offense is burglary; punishment fixed at confinement in the penitentiary for a period of two years.
 

 Morton, the owner of the premises, testified that his house was entered and certain property removed therefrom. Noel, an accomplice, testified that he received from the appellant certain property belonging to Morton and which was identified by him as having been solen from the burglarized premises. Appellant, at the time of the arrest, had in his possession property which was also identified as part of the stolen goods. There were other circumstances tending to connect the appellant with the commission of the offense.
 

 A reversal is sought upon the error of the court in admitting in evidence the confession of the appellant. It appears that appellant while under arrest and in jail was brought in custody of an officer to the grand jury which was in session and there admitted the commission of the offense. His testimony was not reduced to writing, but was verbal and proved by the foreman of the grand jury upon the trial of the case. Objection to the testimony was made and a bill of exceptions reserved to its receipt. Qualifying the bill, however, the trial court said in substance that at the time the testimony was offered in evidence, he was not informed that the confession had been obtained while the appellant was under arrest and no objection had been urged against it upon that ground; that he did not know that the' testimony was of that character. On the motion for new trial, appellant sought to prove and offered witnesses who would have testified that he was under arrest, was taken from the jail to the grand jury and there made the statement showing his guilt. Under
 
 *511
 
 the bill of exceptions taken at the time, as qualified, there was no fact within the knowledge of the court or objection addressed to the bill which would render his action in receiving it erroneous. The procedure which the record reflects, that is, the taking of a witness before the grand jury while he is under arrest and obtaining from him a verbal confession not in compliance with the statute is a practice which this court would not by any means sanction, and in the present ease, if there was not other evidence warranting the conviction, or if there was testimony justifying an acquittal, this court would'feel called upon to reverse the case because of the error to the trial court in refusing to receive proof upon the motion for new trial which would have demonstrated that the confession which was introduced in evidence against the appellant was illegal and was not admissible. The fact that the confession was made before the grand jury does not necessarily render it admissible when it is not in writing as required by the statute, Art. 810, C. C. P. See Oliver v. State, 81 Texas Crim. Rep. 529; Dover v. State, 81 Texas Crim. Rep. 545; Mayzone v. State, 225 S. W. Rep. 55; Williams v. State, 225 S. W. Rep. 177.
 

 Taking note of the fact that in the present ease there was no affirmative defensive theory and the evidence of the State, independent of the confession, being sufficient to establish the guilt of the appellant and the lowest penalty having been assessed by the jury, we are constrained to hold that we are not warranted in reversing the judgment because of the receipt in evidence of the testimony improperly admitted.
 

 The judgment is affirmed.
 

 Affirmed.