## CLYDE BERRY V. THE STATE

### No. 9705.   Delivered March 10, 1926.

1.—Receiving and Concealing Stolen Property—Statement of Accused—Involuntary—Under Arrest—Inadmissible.

Where, on a trial for receiving and concealing stolen property, it is shown that appellant was arrested, carried before a justice of the peace, who was acting as a court of inquiry, and was there, without legal warning, caused to make a statement which was reduced to writing, and on his refusal to sign same he was sent to jail by said justice of the peace and there kept until he signed the statement, the admission of this statement in evidence against him on his trial was reversible error.

2.—Same—Statement of Accused—When Admissible.

It has been repeatedly held in this State by this court that before a statement of the kind in question can be used against the appellant on trial, it must be shown when he is under arrest that he was properly warned, and that same was freely and voluntarily made and reduced to writing, as required by law.  Following Wood v. State, 22 Tex. Crim. App. 431, and numerous other cases cited.

3.—Same—Evidence—Of Extraneous Offense—Improperly Admitted.

Where appellant was on trial for receiving and concealing some sheep, the stolen property of one Cook, it was error to permit the State to prove by Duncan that he lost or missed from his pasture in Mills County about 53 head of sheep, and that thereafter he recovered 16 head of his sheep from the premises of Ernest Berry, the uncle of appellant, it not being shown that appellant was in any manner connected with the taking or concealing of Duncan's sheep.  See Branch's Ann. P. C., Sec. 165, pp. 98-99-100.

4.—Same—Charge of Court—On Suspended Sentence—Incorrect.

Where the court charged the jury that the filing of a suspended sentence by appellant could not be considered by them as "an admission of guilt," we are of the opinion that it would be better to use different language than that complained of.  It is not ordinarily necessary to give a charge on this issue unless some occasion arises for such charge.

Appeal from the District Court of Burnet County.   Tried below before the Hon. J. H. McLean, Judge.

Appeal from a conviction of receiving and concealing stolen property, penalty two years in the penitentiary.

The opinion states the case.

*Tom Alexander* of Lampasas and *W. W. Hair* of Temple, for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The appellant was convicted in the district court of Burnet county for the offense of fraudulently receiving and concealing about fourteen head of sheep, alleged to be the property of W. D. Cook, and his punishment assessed at two years in the penitentiary.

The appellant failed to testify in this case, but the record discloses that the appellant was a young man, living with, and working for his uncle, Ernest Berry, for wages, at the time of the alleged offense in question; that the sheep in question were found upon the premises rented by the said Ernest Berry, identified and claimed by said Cook as his property; that the officers arrested Ernest Berry when the sheep were identified by Cook and took him to the town of Burnet, then the sheriff sent a deputy after the appellant, and he was brought to town and carried before a justice of the peace, as a court of inquiry, where in the presence of said justice of the peace and the county attorney, he was sworn and interrogated as to the sheep in question, his statements reduced to writing, and upon refusal to sign same, was by the justice of the peace committed to jail with instructions to the officer in charge to keep him till he was ready to sign said statement, and was there kept for about an hour and a half, and then again brought before said justice of the peace and by him informed that he had a chance to make amends and get out of jail, and if he did not want to sign the statement, he ought not to have made it, and if he made the statement and did not sign it, he would send him to jail; whereupon, some changes being made in the first statement, the appellant signed said corrected statement and gave bond to appear before the grand jury as a witness.

By bill of exception 6 it is shown that the state introduced in evidence both of said statements made before said justice of the peace, to which the appellant objected, because same were not freely and voluntarily made, were obtained while the appellant was under arrest and without proper warning. Said bill clearly shows that at the time said statements were made that the appellant, in law, was under arrest, and

neither of said statements so introduced or the evidence adduced before the court in the absence of the jury for the purpose of the bill, shows that the appellant was properly warned prior to making said alleged statements. The justice of the peace before whom said statements were made was not sitting as an examining court, but acting as a court of inquiry to ferret out crime. Brown v. State, 55 Tex. Crim. Rep. 572. Therefore, the law applicable to examining trials could not apply to this case. From said bill it appears that the officers evidently suspicioned the guilt of the appellant in connection with his uncle, Ernest Berry, and under such impression obtained said statements in question, as he was arrested shortly thereafter, and the state used same against him in this trial. The record clearly shows the statement was not voluntarily made, but to the contrary that appellant was sent to jail upon refusing to sign it. It has been repeatedly held in this state by this court that before a statement of the kind in question can be used against the appellant on trial, it must be shown when he is under arrest, that he was properly warned and that same was freely and voluntarily made, and reduced to writing as required by law. Wood v. State, 22 Tex. Crim. Apps. 431. Oliver v. Statte, 81 Tex. Crim. Rep. 529; 197 S. W. 185. Dover v. State, 81 Tex. Crim. Rep. 545; 197 S. W. 192. Clark 1. State, 84 Tex. Crim. Rep. 390; 207 S. W. 98; Buddy v. State, 88 Tex. Crim. Rep. 403; 227 S. W. 323. We think the court was in error in the admission of this testimony under the authorities supra.

The disposition we have made of this question removes the necessity of passing on the complaint made by the appellant to the refusal of the court to submit to the jury whether or not said confession was freely and voluntarily made, and as to the court's failure to instruct the jury that the state having introduced said statements of the appellant in question, which embraced exculpatory evidence, would be bound thereby.

By bill of exception 5 complaint is made to the action of the court in permitting the state, over appellant's objection, to prove by B. A. Duncan, that he lost or missed from his pasture in Mills county, about 53 head of sheep, and that afterwards he received 16 head from the premises occupied by said Ernest Berry, which he identified as his sheep. The appellant earnestly insists that the admission of this testimony was reversible error, in that it failed to show intent,

identity or system, and that if same were stolen, they were taken at another and different time and place, and nothing showing any connection of the appellant therewith, and was proving an extraneous crime and offense than the one for which appellant was being tried. We think the contention of the appellant is well taken, and the learned judge was in error in the admission of this testimony. For collation of authorities see Branch's Ann. P. C., Sev. 166, pp. 98-99-100.

Complaint is made to the action of the court in his charge to the jury on his plea for suspended sentence, wherein the jury was instructed that the filing of such plea could not be considered by them as an "admission of guilt," because it is contended that said expression is too broad, and the court should have used different words in expressing his language in said charge. In submitting a plea of suspended sentence to the jury, it is not ordinarily necessary to give a charge on the issue here raised, unless some occasion arises for such a charge, and in the event of another trial and the court should deem it necessary to charge on this particular question, we are of the opinion that it would be better to use different language than that complained of.

For the errors above mentioned, we are of the opinion that the judgment of the trial court should be reversed and remanded, and it is accordingly so ordered.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.