WARREN BUTLER v. THE STATE.

No. 15267. Delivered May 18, 1932.
Rehearing Denied June 22, 1932.
Reported in 51 S. W. (2d) 354.

The opinion states the case.

*John T. Hill,* of El Paso, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, 'PRESIDING JUDGE.—The offense is robbery; penalty assessed at confinement in the penitentiary for five years.

The alleged injured party was W. L. Kline, who testified to the robbery, which he described in substance as follows: While he was looking around his place of business preparatory to closing it for the night, his attention was attracted to an automobile nearby with the motor running. When he reached the back door of the building, he was accosted by Joe Carnes, who presented a pistol and forced Kline to enter his store. Carnes also prsented his pistol on several other persons in the building, and caused them to lie on the floor while the robbery was committed. Charles Withers also entered the building armed and cooperated with Carnes. Firearms were displayed and a quantity of money was taken. The two (Carnes and Withers) then left the building with the money in their possession. As they were running to the car which was stationed near the building (which car had the door open and the motor running), an officer passed. Their conduct attracted the attention of the officer who was driving his car, and after the two men had entered their car, the officer made chase, but was unsuccessful in apprehending them. However, he ascertained the number of the car and identified Butler (the appellants, as the person driving the car. The parties were soon after arrested, and Butler made a written confession, which was introduced in evi-

dence, admitting his identity as the person who was in the car which was parked and who drove the car after the robbery was committed. The confession was admitted over the objection of the appellant.

It is claimed that the confession, upon its face, shows that it was not voluntary. Embraced in the written confession was the warning of the accused required by statute. As shown by the confession, appellant admitted that he was present before and at the time the robbery was committed, and was aware of the intention of his confederates; that he furnished one of the weapons used in the commission of the robbery; that he kept his car in a position for the escape of his confederates; that he drove the car as they were making their escape. The written confession was quite sufficient in its terms to show the appellant was a principal in the commission of the robbery; that he was conscious of it, and willingly participated in the commission of the offense.

The closing paragraph of the confession contains the following:

"This statement made only after seeing the statement made by Charles C. Withers, this statement taken July 30, 1931.

"(Signed) Warren B. Butler."

The claim that the confession, on its face, appears involuntary seems based on the recital that it was made after the appellant had seen the statement made by Charles C. Withers. Touching the contents of Withers' statement, the bill of exception is silent. In support of his contention, the appellant cites the following cases: Davis v. State, 99 Texas Crim. Rep., 477, 270 S. W., 165; Berry v. State, 103 Texas Crim. Rep., 465, 281 S. W., 1058, 1059; Oliver v. State, 81 Texas Crim. Rep., 529, 197 S. W., 185. The force of the cases cited as precedents supporting the appellant's contention is not perceived. In the Davis case, there was a verbal confession which he claimed was made while under arrest. The case was affirmed. In Berry's case the confession was held inadmissible for the reason that the evidence showed that it was coerced and was not a voluntary confession. In Oliver's case the confession was held inadmissible because the accused was under arrest. It was not made in the examining court, was not reduced to writing, was not signed by the appellant, and its introduction against him was prohibited by the statute.

It may be added, however, that in the present instance the failure of the bill of exception to show the contents of the confession of Withers would leave no basis for this court to determine whether there were facts in the confession which had any bearing upon the voluntary nature of the appellant's statement which, on its face, was made after due warning and under all the formalities required by the confession statute, article 727, C. C. P., 1925.

The appellant, in his confession, having admitted ownership of a pistol used in the robbery, the complaint of that part of the court's charge in which it is said: "All persons who shall engage in procuring arms to

assist in the commission of an offense, while others are executing the unlawful act, are principals," cannot be sustained. The appellant's activities in the commission of the offense, as developed from his confession and from the testimony of the state's witnesses, leaves no doubt of the propriety of charging on the law of principal offenders, as set forth in articles 66, 67 and 69, P. C., 1925.

The refusal of a special charge to the effect that the appellant should be acquitted, unless there was proof, beyond a reasonable doubt, that he knew that the robbery was to be committed and that he intended to aid and assist therein, was not error. In the charge following the law of principals the following paragraph is embraced:

"To constitute one a principal, however, under any of the circumstances detailed in the last paragraph of these instructions, it is necessary that he know the unlawful intent of the persons who actually committed the offense, if any.

"And even though you should believe from the evidence that any of the circumstances which would otherwise constitute one a principal existed, yet, if you have a reasonable doubt as to whether this defendant knew at the time the unlawful intent, if any, of Joe Carnes and Charles Withers, you must acquit the defendant."

The appellant's conduct, as revealed by the evidence, is such as to constitute him a principal. If guilty of any offense, it was robbery. There was no error in refusing to give an instruction authorizing the decision by the jury that his criminal connection was that of an accomplice rather than a principal. The substance of requested charge No. 4 having been embraced in the main charge, a repetition of it in a special charge is not demanded by law. If the appellant consented to the commission of the offense, he had knowledge that his coprincipals were committing the robbery. Therefore his connection with the offense was that of a principal. The question of knowledge of the intent of his companions was raised by the evidence, and was submitted to the jury in the charge of the court.

By his testimony on the trial, the appellant presented the defensive theory of ignorance of any criminal intent upon the part of his companions. He claimed that his aid in their escape was due to coercion. The circumstances detailed by him also raised the issue of voluntary aid in the escape. Instructions upon all of these defensive matters were embraced in the charge of the court. The last mentioned, that of accessory, was given in a special charge at the request of the appellant. He also claimed that the alleged confession was taken without giving him the warning recited in the confession statute; also that he was induced by the promise of leniency by officer Woolverton. The correctness of the recitals in the written confession touching the warning and its voluntary nature was affirmed by officer Woolverton, who also denied any promise

of immunity or other inducement to bring about the confession, or any threat or means used to intimidate or overpersuade the accused to make the confession. Whether the confession was voluntary or involuntary was submitted to the jury in an appropriate instruction.

The reputation of the appellant as a law-abiding citizen was tendered by him, and upon that subject there is conflict of evidence.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

## ON APPELLANT'S MOTION FOR REHEARING.

CHRISTIAN, JUDGE.—The only question presented in the motion for rehearing relates to the action of the trial court in admitting in evidence appellant's confession over the objection that it was shown on the face of the confession that it was not voluntary. As stated in the original opinion, the closing paragraph of the confession contains the following: "This statement made only after seeing statement made by Charles C. Withers, this statement taken July 30, 1931. (Signed) Warren B. Butler." It is contended that the recital in the confession that it was made after appellant had seen the statement made by Charles C. Withers rendered the confession on its face involuntary. Attention was called in the original opinion to the fact that the bill of exception was silent touching the contents of Withers' statement. The conclusion reached was that the failure of the bill to show the contents of the confession of Withers left no basis for this court to determine whether there were facts in the confession of Withers which had any bearing on the voluntary nature of appellant's statement. On its face, appellant's confession shows it was made after due warning and under all the formalities required by article 727, C. C. P. We are unable to reach the conclusion that the statement in the confession to which reference has been made should within itself be held to render the confession inadmissible.

The motion for rehearing is overruled.

*Overruled.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.