## C. C. SMITHSON V. THE STATE.

No. 16001.   Delivered May 31, 1933.
Rehearing Denied June 21, 1933.
Reported in 61 S. W. (2d) 498.

The opinion states the case.

*Mark Smith*, of Waxahachie, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

CALHOUN, JUDGE.—The offense, assault with intent to murder; the punishment, 2 years in the penitentiary.

Harvey Warren, the injured party and a son-in-law of the appellant, testified that in the fall of 1931 he had rented some land and then subrented some of the land to the appellant. The appellant lived in a house with him for a while, but later on the appellant requested the said Warren to divide up the crop, and after a division of the crop the appellant and his two sons moved to the town of Red Oak. About two months before the shooting, the appellant and Warren had had some trouble in regard to an automobile and a wagon sheet, but nothing serious happened at the time. The appellant made frequent trips back and forth from the town of Red Oak to gather his crop. On November 3, 1931, Harvey Warren was hired by his landlady to gather a small crop of corn for her, and when he was coming out of the field with a load of corn he was informed by his wife that her father, the appellant, had been hunting for him. After he had unloaded his wagon and had gotten back in the wagon,

he saw the appellant walk over from behind his car that he had driven up there. The appellant picked up a double-barreled shot gun and stepped in front of the said Harvey Warren and said, "Stop," and the witness stopped. The appellant then said to him, "Have you got your gun with you?" And when the said Warren replied, "No," the appellant said, "You had better get it," that he was going to make the said Warren eat it when he got it. When the said Warren started to get out of the wagon, the appellant shot him with the shot gun, the shot taking effect in his shoulder and the right side of his neck. The said Warren was about 20 or 30 feet from the appellant when the appellant shot him. When the appellant shot, the said Warren's mules ran away and he was thrown to the bottom of the wagon, and when the mules stopped running his wife assisted him to the house. He was later taken to a sanitarium in Waxahachie. It further appeared that on the morning of the shooting the appellant was accompanied by his two sons. The testimony of Mrs. Harvey Warren, the wife of the injured party, was to substantially the same effect as that of her husband as to what occurred on the morning of the shooting.

The appellant did not testify, but offered several witnesses who testified that the reputation of the appellant for being a peaceable and law-abiding citizen was good.

Appellant's bills of exception 1, 2, and 3 complain of the action of the trial court in permitting the district attorney, on cross-examination of said character witnesses, to ask them as to whether they had ever heard of the shooting scrape the appellant had been in with one Andrew Smithson, and as to whether or not they had heard of the appellant having some trouble with one of his sons, and whether or not they had heard of the appellant being prosecuted for theft. The appellant objected to said questions propounded to said character witnesses upon the grounds that they were improper, unwarranted, and prejudicial. The court overruled said objections and admitted the testimony, to all of which the appellant excepted. The trial court qualified all of said bills to the effect that the witnesses had testified on direct examination that they knew the appellant's reputation as being a peaceable and law-abiding citizen in the community and it was good and that the state was permitted to ask the said questions of said witnesses for the purpose of testing the witnesses' credibility and to enable the jury to weigh their evidence.

Said bills as qualified by the court do not show reversible error. While it is not permissible to inquire about separate acts of misconduct known to the witnesses, and the truth or falsity

of the reports, charges, or rumors referred to cannot be established, it is the well-established rule that a witness to the good character of the accused may be asked, upon cross-examination, whether he had heard rumors of particular charges or acts of the accused inconsistent with the character which the witness was called to prove, not to establish the truth of such charges but to test the credibility of the witnesses and enable the jury to weigh their evidence. See Brady v. State, 44 S. W. (2d) 373; Johnson v. State, 91 Texas Crim. Rep., 582, 241 S. W., 484; Kimbrell v. State, 115 Texas Crim. Rep., 593, 27 S. W. (2d) 213; Townsley v. State, 103 Texas Crim. Rep., 508, 281 S. W., 1054; Adaire v. State, 45 S. W. (2d) 984; Wright v. State, 98 Texas Crim. Rep., 513, 266 S. W., 783.

By bill of exception No. 4 complaint is made of the action of the assistant district attorney in his opening argument to the jury in this case in stating, "What will the other Harvey Warrens do if this man is turned loose? He will shoot somebody else in the back," and he further argued that the old man had shot people before. Said remarks were objected to upon the ground that they were outside of the record and nothing in the record justified the argument and the same was prejudicial to the appellant and was calculated to mislead the minds of the jury on the evidence in the case and verbally requested the court to instruct the jury that they should not consider the same and to confine the assistant district attorney in his remarks to the record in the case. The bill further shows that the court overruled the objection and failed to instruct the jury as requested. The court qualified said bill to the effect that as he recalled that portion of the assistant district attorney's argument, it was as follows: "What will the other Harvey Warrens do if this man is turned loose? Turn this man loose and let him shoot somebody else in the back. Put him in the penitentiary where he can't shoot anybody else in the back." Said qualification was to the further effect that the assistant district attorney did not state in his argument that the appellant had shot people before.

The bill as presented merely sets out the argument or remarks complained of without anything more. Where the argument complained of is not so inflammatory as per se to call for a reversal, then the bill should show the connection in which the language was used and set out so much of the surrounding circumstances and such pertinent facts as may be necessary to enable the court to determine whether an error has been committed and, if so, that it was such error as authorized a reversal. Salinas v. State, 113 Texas Crim. Rep., 142, 18 S. W. (2d) 663;

Rutherford v. State, 102 Texas Crim. Rep., 310, 277 S. W., 669. As presented, the bill is insufficient to show reversible error.

No reversible error appearing in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant complains that we disposed of his bills of exception Nos. 1, 2 and 3 upon the same ground, when in fact his complaint in bill No. 3 was of a different nature from that set up in the other two bills. Examining the record, we find that all three bills of exception bear the same qualification placed on them by the trial court, who states that all three of the witnesses, whose cross-examination forms the subject of the respective bills referred to, were offered by appellant for the same purpose, and that the cross-examination of each was to test the knowledge, and, indirectly, the veracity of each of said witnesses. Appellant urges in his motion for rehearing that as to the witness named in his third bill of exception, the qualification has no application and is erroneous. There was no exception to the qualification; hence we are bound thereby. There is no statement in the bill of exception of the purpose for which the witness therein referred to was placed upon the stand, other than as stated by the court in his qualification. We are not allowed to go to the statement of facts in order to see whether or not the witness gave testimony evidencing the purpose stated by the court in his qualification. When there appears any conflict between the bill of exception and the statement of facts, ordinarily the bill of exception controls.

Regretting our inability to agree with appellant that fundamental error appears, and believing the opinion correctly disposes of the matters presented here, the motion for rehearing will be overruled.

*Overruled.*