IDA RUTH GRIFFIN V. THE STATE.

No. 18580. Delivered November 18, 1936.

The opinion states the case.

*Howell E. Cobb* and *William J. Gerron,* both of Brady, for appellant.

*A. O. Newman,* District Attorney, of Coleman, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for murder; punishment, ten years in the penitentiary.

That appellant cut Mr. Keller with a knife, and that he died from the effects thereof,—is not denied. On the trial appellant testified that she cut in self-defense. The State's testimony was, in effect, that she cut Keller after taking from him his money, and when he accused her of having taken same. An eye witness testified that he had brought appellant and deceased together about dark, left them but presently went back to the room, and appellant told him deceased accused her of getting his money; he said deceased replied that she did get his money, and "did she want to fight," whereupon they went together,—deceased appearing to shove or push appellant away from him, and appellant appearing to strike at deceased with something which witness did not see; that appellant then ran out of the room, and deceased was found to have been cut in the neck and side of the jaw, a wound which severed the facial artery, from which death from blood poisoning followed. Appellant fled the town that night, highwaying it to San Angelo, and from there to Abilene, then to Rule, and later to Knox City where she was arrested.

We find four bills of exceptions, each of which bears a qualification by the trial judge without objection. From the first it appears that the sheriff of the county qualified as an expert witness upon the age or freshness of scars, and testied that he examined a scar on the back of appellant's neck shortly after the fatal difficulty, and it was an old scar when he examined it and could not have resulted from a wound made in November, 1935. Appellant had testified before the jury

and exhibited said scar, claiming that it resulted from a wound inflicted upon her by deceased in the difficulty in question. The witness having qualified as an expert, we see no error in the admission of the testimony. We have uniformly accorded much weight to the discretion of trial courts in such matters. Bratt v. State, 38 Texas Crim. Rep., 121, is directly in point, and is followed in Holder v. State, 81 Texas Crim. Rep., 197; Long v. State, 82 Texas Crim. Rep., 315; Cone v. State, 89 Texas Crim. Rep., 591; Guse v. State, 97 Texas Crim. Rep., 214; Kleck v. State, 97 Texas Crim. Rep., 425; Bell v. State, 99 Texas Crim. Rep., 63, and Cross v. State, 99 Texas Crim. Rep., 209.

Bill of exceptions No. 2 is qualified by a statement of the trial judge that the witness mentioned did not give the testimony objected to, but did testify that in his opinion, as a physician, the wound found by him upon his examination of deceased shortly after same was inflicted, was an infected wound, and that it was caused by an infected instrument. This doctor examined deceased a few minutes after he was cut, and apparently treated him until his death. We see no error in this matter.

Bill No. 3 is along the same line. Dr. Jordan swore that he had had much experience in treating cut wounds, and in determining the cause of death of persons who had been killed. He swore "Without the wound there could have been no infection. In my opinion the infection could only have been put into the wound at the time of its infliction. * * * The infection entered the blood stream from that wound." We are unable to perceive any error in the admission of this testimony, part of which was brought out on cross-examination.

The remaining bill of exceptions complains of the refusal on the part of the trial court to tell the jury they could not convict, under the facts in this case, for murder with malice. We concur in the court's refusal to so charge. The jury were told in the charge, in appropriate language, what they must find and believe before they could convict upon malice; and also if they did not find beyond a reasonable doubt that the killing was upon malice aforethought, appellant could not be convicted for more than murder without malice. The jury were also charged as follows:

"You are further instructed that a homicide committed with no intention or purpose to take life is not murder, and even though you may believe that the defendant cut, stabbed and wounded said Ben O. Keller, yet if you have a reasonable

doubt as to whether she intended to kill said Ben O. Keller you cannot find the defendant guilty of murder."

The evidence supports the verdict, and we have found no error in any matter of procedure, and the judgment is affirmed.

*Affirmed.*