RAY MALCOMBE KRAUSE V. THE STATE.

No. 23815. Delivered December 3, 1947.

W. S. *Foster*, of Waco, for appellant.

*Ernest S. Goens*, State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is theft of an automobile. The punishment assessed is confinement in the state penitentiary for a term of ten years.

By Bills of Exceptions Nos. 1, 2, and 5, as well as in his motion for a new trial, appellant contends that the evidence is insufficient to sustain his conviction.

The record reflects that on the night of November 20th, 1946, Mrs. Ruby Lockey, wife of Cecil Lockey, parked their automobile in front of their home at about 11 P. M. She did not lock the doors to the car but did lock the steering wheel. The next morning the automobile was gone. Her husband called the police department and was advised that said automobile was in their possession. When he arrived at the police station, he found that the ignition had been hammered and the lock was so twisted that he could not insert the key and drive it; that the value of the automobile at the time in question was $1,100.00; that the car was taken without his consent. Mrs. Lockey testified that she parked the automobile in front of their home on the night in question; that she did not lock the doors but did lock the steering wheel; that she did not give her consent to anyone to take the automobile in question.

H. E. Merrifield, a city policeman, testified that on the night in question he noticed two automobiles parked on Preston Street in the City of Waco; that one was an Essex Terraplane and the other a blue Ford coach. The cars were eight or ten feet apart; that he found appellant sitting under the steering wheel of the Ford while his companion was sitting on the right side

of the seat; that he inquired of appellant whose car it was and he, appellant, replied that it belonged to Huckaby and Huckaby said it was appellant's. An investigation disclosed that the Essex Terraplane belonged to Huckaby and the Ford to Cecil Lockey. Upon inspection of the Ford by the officers, it was found that the lock on the steering wheel had been hammered; that the bolts had been sheared off; and a hammer fell out of the car when appellant got out of it. Appellant takes the position that since the evidence fails to show that he could not steer the car to the right or left, the evidence failed to show that he drove the car away from where it was parked and therefore could not be guilty of theft. It seems that at the time the officers found him in possession of the automobile it was not at the place where Mrs. Lockey had parked it but had been moved; that the car could be driven straight forward but could not be turned to either side.

Art. 1412, P. C., reads as follows:

"To constitute 'taking' it is not necessary that the property be removed any distance from the place of taking; it is sufficient that it has been in the possession of the thief, though it may not be moved out of the presence of the person deprived of it; nor is it necessary that any definite length of time shall elapse between the taking and the discovery thereof; if but a moment elapse, the offense is complete."

We are of the opinion that the offense was complete when appellant took possession of the automobile since asportation is not a necessary element of the offense in view of the article of the statute above quoted. In the instant case, appellant and Huckaby had taken possession of the automobile, they undertook to break the lock on the steering wheel, at least the evidence is sufficient to justify such a conclusion since appellant and his companion are the only persons who had taken possession of it. The evidence raised an issue of fact which the jury decided adversely to him and we would not be authorized to disturb their finding.

Bills of Exceptions Nos. 3 and 4 are deficient since they fail to set forth the evidence objected to, nor any facts which showed that the testimony given by the witness was such as required technical training and expert knowledge which the witness did not possess. The mere statement by appellant in his said two bills of exception to the effect that the witnesses were not qualified to express an opinion is but a conclusion on his part. See

Cross v. State, 99 Tex. Cr. R. 207 (268 S. W. 931) and cases there cited.

By Bills of Exceptions Nos. 1 and 5 he challenges the sufficiency of the evidence to sustain his conviction. We have disposed of this question in the beginning. Consequently, there is no need for any further discussion thereof.

By Bill of Exception No. 2 he complains of the action of the court in declining to sustain his request for a continuance because the case against W. A. Huckaby, a co-defendant, had been continued. The court qualified this bill and in his qualification states that the case was originally set for trial on January 20th, 1947, but upon motion for a continuance, the case was reset for the 10th day of March; that no process for any witnesses had been applied for and no showing made that any effort had been made to secure the attendance of any witnesses, and that the defendant went to trial without any objection. This bill, as qualified by the court, was accepted by appellant and he is bound thereby. See Glover v. State, 152 S. W. (2d) 747; Grant v. State, 143 S. W. (2d) 383; Rollins v. State, 126 Tex. Cr. R. 545 (73 S. W. (2d) 541); Smithson v. State, 124 Tex. Cr. R. 282 (61 S. W. (2d) 498). Moreover, the bill fails to show what facts he expected to prove by the claimed absent witnesses.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

Opinion approved by the Court.