**Motion for Rehearing Denied; Motion for Rehearing En Banc Denied as Moot; Memorandum Opinion of July 9, 2015, Withdrawn; Affirmed and Substitute Majority Opinion and Dissenting Opinion filed October 20, 2015.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-14-00304-CR

---

## HENRY RICHARD BULLOCK, JR., Appellant

## V.

## THE STATE OF TEXAS, Appellee

---

**On Appeal from the 177th District Court
Harris County, Texas
Trial Court Cause No. 1400383**

---

## DISSENTING OPINION

I am persuaded by appellant's motion for rehearing that the original panel opinion, which I authored, employed a lesser-included-offense analysis for the disposition of appellant's jury charge issue that is in conflict with Texas Court of Criminal Appeals decisions such as *Jones v. State*, 984 S.W.2d 254, 257–58 (Tex. Crim. App. 1998). Specifically, the original panel opinion reasoned that, notwithstanding appellant's testimony that he did not exercise control over the truck, appellant's blanket denial of his intent to steal the truck negated his ability to obtain a lesser-included

instruction on attempted theft. *Jones*, however, instructs that the proper analysis does not focus solely on the defendant's "blanket denial" of theft because the question is whether any evidence from any source raises the issue. *Id.* (holding that the defendant was entitled to lesser-included-offense instruction for theft even though he testified that he did not steal or intend to steal). More to the point, contrary to what the panel opinion says, "[t]he jury was free to believe [some] testimony by appellant, and disbelieve the rest of what he said." *Id.* at 257.

Thus, if the jury **believed** appellant's testimony that he did not exercise control over the truck, **disbelieved** his testimony that he did not intend to steal the truck, and **inferred** from appellant's entry into the truck that he intended to steal the truck, then a jury rationally could have found appellant guilty of attempted theft and only attempted theft. *See Rice v. State*, 333 S.W.3d 140, 145 (Tex. Crim. App. 2011) (holding that a defendant is entitled to a lesser-included offense instruction if there is "evidence in the record which would permit a jury to rationally find that, if the defendant is guilty, he is guilty only of the lesser-included offense").[1]

In other words, appellant's denials regarding his conduct of exercising control amount to some evidence directly germane to the lesser-included offense. *Lofton* does not resolve the jury charge issue in this case because appellant did not merely present evidence that he committed no offense at all. *See Lofton v. State*, 45 S.W.3d 649, 652 (Tex. Crim. App. 2001) (defendant not entitled to instruction on resisting arrest when

---

[1] Appellant testified:

> Q. Okay. Would you agree with me that you—that you exercised control over that truck?
>
> A. No, I didn't.
>
> Q. So you don't think that sitting in the driver's seat pushing the accelerator, messing with all of the buttons and trying to drive away would not be exercising any control over the truck? Yes or no?
>
> A. If that's what I did, but that's not what I did.

2

charged with assaulting a public servant because the defendant "flatly denied" touching the officer and testified that he did not feel like he was "resisting or nothing like that"). The jury could have found appellant guilty of attempted theft because there was more than a scintilla of evidence that he (1) intended to steal the truck, (2) did an act amounting to more than mere preparation, and (3) failed to effect the commission of the offense because he failed to exercise control over the truck.

Paying no heed to *Jones* and its progeny, the substitute majority opinion focusses instead on cases addressing the sufficiency of the evidence for theft. The substitute majority opinion reasons that a theft offense "occurs" when the defendant is present without permission behind the steering wheel of a motor vehicle. This analysis, however, deprives the jury of fulfilling its important role to decide questions of fact.

I agree with then-Justice Alcala's reasoning in *Sweed*—legal sufficiency cases are unpersuasive for determining whether a jury rationally could have found that appellant committed attempted theft versus theft. *See Sweed v. State*, 321 S.W.3d 42, 50–51 (Tex. App.—Houston [1st Dist.] 2010) (Alcala, J., dissenting) (agreeing the evidence was legally sufficient, but the issue of whether a lesser-included-offense instruction should be given is not addressed by legal sufficiency cases), *rev'd*, 351 S.W.3d 63 (Tex. Crim. App. 2011). I would hold, as the Court of Criminal Appeals held in *Sweed*, that "the evidence presented is subject to different interpretations." *See* 351 S.W.3d at 68. "It is the jury's role, not the court's, to determine whether there is sufficient evidence to support a lesser-included offense." *Id.* at 69. The error in in this case is "easily preventable by one simple rule: Judges should not refuse to allow juries to decide questions of fact." *Sweed*, 321 S.W.3d at 52 (Alcala, J., dissenting). [2]

---

[2] Regardless of the propriety of relying on sufficiency cases, the substitute majority opinion's sufficiency cases are factually distinguishable and do not hold that no jury rationally could find attempted theft under the evidence presented. *See Barnes v. State*, 513 S.W.2d 850, 851 (Tex. Crim. App. 1974) (noting that the appellant had started the motor, placed his hands on the steering wheel, and

Finally, appellant suffered some harm because it is undisputed that the thirty-year penalty appellant received for theft exceeds the twenty-year maximum sentence for an enhanced attempted theft. *See, e.g., Bridges v. State*, 389 S.W.3d 508, 512–13 (Tex. App.—Houston [14th Dist.] 2012, no pet.). As such, I would grant appellant's motion for rehearing, reverse the trial court's judgment, and remand for a new trial.

Because the panel denies appellant's motion for rehearing and issues a substitute majority opinion affirming appellant's conviction, I respectfully dissent.

/s/ Sharon McCally
Justice

Panel consists of Chief Justice Frost and Justices Boyce and McCally. (Boyce, J., majority).

Publish — Tex. R. App. P. 47.2.

---

harbored the "obvious intent to drive it away"); *Ward v. State*, 446 S.W.2d 304, 305–06 (Tex. Crim. App. 1969) (noting that the defendant was found sitting behind the steering wheel twenty-two days after the car went missing from a different location); *Esparza v. State*, 367 S.W.2d 861, 862 (Tex. Crim. App. 1963) (holding that the evidence was sufficient because "by pushing the automobile away from the place where he had found it, [Esparza] had exercised sufficient dominion and control"); *Krause v. State*, 206 S.W.2d 257, 258 (Tex. Crim. App. 1947) (noting that the automobile "was not at the place where [the owner] had parked it but had been moved").

Appellant's reliance on *Denton*, a legal sufficiency case, merely illustrates the fact that a jury found Denton guilty of attempted theft (rather than theft) when the jury was presented with a lesser-included-offense instruction for attempted theft under facts similar to Martinez's testimony here. *See Denton v. State*, 880 S.W.2d 255, 256 (Tex. App.—Fort Worth 1994) (noting that the defendant was charged with theft of a vehicle but the jury acquitted him of theft and convicted him of attempted theft; evidence showed that the defendant was sitting behind the wheel of the complainant's truck and revving the engine, but the truck had a transmission problem and could not be moved), *aff'd*, 911 S.W.2d 388 (Tex. Crim. App. 1995).