PD-1453-15

PD-1453-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 11/6/2015 10:41:24 AM
Accepted 11/9/2015 4:04:00 PM
ABEL ACOSTA
CLERK

No. _____

IN THE COURT OF CRIMINAL APPEALS OF TEXAS

RICHARD HENRY BULLOCK
*Appellant*

v.

THE STATE OF TEXAS
*Appellee*

On Petition for Discretionary Review from
Cause No. 14-14-00304-CR, affirming the conviction in
Cause No. 1400383, in the 177th Judicial District Court of Harris County, Texas

PETITION FOR DISCRETIONARY REVIEW

**Oral Argument Requested**

FILED IN
COURT OF CRIMINAL APPEALS

November 9, 2015

ABEL ACOSTA, CLERK

**ALEXANDER BUNIN**
Chief Public Defender
Harris County, Texas

**NICOLAS HUGHES**
Assistant Public Defender
Harris County, Texas
TBN: 24059981
1201 Franklin St., 13th Floor
Houston, Texas 77002
Phone: (713) 368-0016
Fax:     (713) 437-4316
nicolas.hughes@pdo.hctx.net

**ATTORNEY FOR APPELLANT**

## IDENTITY OF PARTIES AND ATTORNEYS

APPELLANT / PRO SE DEFENDANT:     RICHARD B. HENRY[1]

TRIAL PROSECUTORS:     ERIK LOCASCIO
MIA MAGNESS
Assistant District Attorneys
Harris County, Texas
1201 Franklin Street, 6th Floor
Houston, Texas 77002

STANDBY ATTORNEY AT TRIAL:     CHARLES BROWN JR.
Attorney at Law
708 Main Street, Suite 790
Houston, Texas 77002

PRESIDING JUDGE AT TRIAL:     HON. RYAN PATRICK
177th District Court
Harris County, Texas
1201 Franklin Street, 19th floor
Houston, Texas 77002

PROSECUTOR ON APPEAL:     MELISSA HERVEY
Assistant District Attorney
Harris County, Texas
1201 Franklin Street, 6th Floor
Houston, Texas 77002

ATTORNEY FOR APPELLANT:     NICOLAS HUGHES
Assistant Public Defender
Harris County, Texas
1201 Franklin St., 13th Floor
Houston, Texas 77002

---

[1] The defendant's name is Richard Bullock Henry or Imari Obadele and is incorrectly listed as "Henry Richard Bullock." (5 R.R. at 64).

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND ATTORNEYS ..............................................................................II

TABLE OF CONTENTS ......................................................................................................III

INDEX OF AUTHORITIES ....................................................................................................V

STATEMENT REGARDING ORAL ARGUMENT........................................................................ 1

STATEMENT OF THE CASE ................................................................................................ 1

STATEMENT OF PROCEDURAL HISTORY ............................................................................. 1

GROUND FOR REVIEW ..................................................................................................... 2

REASONS FOR REVIEW ..................................................................................................... 2

ARGUMENT..................................................................................................................... 3

Where the evidence may support a conviction either for theft or the lesser-included offense of attempted theft, did the trial court err in denying Appellant's request for an instruction on the lesser-included offense? ......................................... 3

    A. Relevant Facts ................................................................................................ 3

        1. Facts not in dispute.................................................................................. 3

        2. Witness Martinez's version of events ........................................................ 4

        3. Appellant's Version of Events .................................................................. 5

    B. The Fourteenth Court of Appeals's Decision ................................................. 6

        1. The substitute majority opinion concluded that Appellant committed the greater offense of theft of a vehicle as a matter of law ................................... 6

        2. The substitute dissenting opinion concluded that where the evidence may support either the greater offense or the lesser-included offense, the conflicts in the evidence are properly resolved by the factfinder.................... 7

C. Where evidence presented is subject to different interpretations, it is the jury's role to determine whether there is sufficient evidence to support a lesser-included offense ........................................................................................................ 8

    1. Cases involving whether evidence is legally sufficient to support a particular verdict do not resolve whether a defendant is entitled to an instruction on a lesser-included offense ............................................................. 8

    2. Where evidence presented is subject to different interpretations, it is the jury's role to resolve conflicts in the evidence ..................................................... 9

D. A rational juror could conclude that Appellant committed the lesser-included offense of attempted theft of a vehicle, but did not commit the greater offense of theft of a vehicle ................................................................................... 10

PRAYER ............................................................................................................................ 11

CERTIFICATE OF SERVICE .............................................................................................. 12

CERTIFICATE OF COMPLIANCE ...................................................................................... 12

APPENDIX ........................................................................................................................ 13

**Federal Cases**

*Jackson v. Virginia*, 443 U.S. 307 (1979) ........................................................... 8, 9

*Stevenson v. United States*, 162 U.S. 313 (1896) ................................................. 8, 9

**State Cases**

*Bullock v. State*, --- S.W.3d ----, 2015 WL 6163014 (Tex. App.−Houston [14th Dist.] Oct. 20, 2015) ..........................................................................................passim

*Bullock v. State*, No. 14–14–00304–CR, 2015 WL 4140670 (Tex. App.−Houston [14th Dist.] July 9, 2015) *withdrawn by* 2015 WL 6163014 (Tex. App.-Houston [14th Dist.] Oct. 20, 2015) ................................................................................. 2

*Forest v. State*, 989 S.W.2d 365 (Tex. Crim. App. 1999) ...................................... 9

*Saunders v. State*, 840 S.W.2d 390 (Tex. Crim. App. 1992) ................................. 9

*Sweed v. State*, 321 S.W.3d 42 (Tex. App.−Houston [1st Dist.] 2010) *rev'd by* 351 S.W.3d 63 (Tex. Crim. App. 2011) ............................................................... 1, 8

*Sweed v. State*, 351 S.W.3d 63 (Tex. Crim. App. 2011) ...................................... 11

**State Statutes**

Tex. Penal Code Ann. § 31.01 (West 2013) ................................................... 11

Tex. Penal Code Ann. § 31.03 (West 2013) ................................................... 10

**State Rules**

Tex. R. App. Proc. R. 66.3 ........................................................................ 2, 3

## STATEMENT REGARDING ORAL ARGUMENT

The error of refusing the defendant's request for an instruction on a lesser-included offense "is one that has been happening repeatedly for over one hundred years," yet is one that persists unabated. *Sweed v. State*, 321 S.W.3d 42, 52 (Tex. App.–Houston [1st Dist.] 2010) (J. Alcala, dissenting) *rev'd by* 351 S.W.3d 63 (Tex. Crim. App. 2011). Appellant's case is of particular importance, given the danger that lower courts conflate the concepts of legal sufficiency with ambiguous evidence which could be resolved either way by a jury, and warrants argument before this Court.

## STATEMENT OF THE CASE

While Cort Furniture Rental employee Roy Martinez was making a delivery in Houston, Texas, Martinez found Appellant in the cabin of the delivery truck. Appellant attempted to flee from the truck, but was restrained by Martinez until he was arrested for theft of the truck. Appellant admitted entering the cabin of the truck, but insisted that he had only attempted to burglarize electronics from the cabin of the truck. Martinez claimed that Appellant attempted to start the truck, but could not move the truck due to the operation of the air brake. At trial, Appellant was denied an instruction on the lesser-included offense of attempted theft.

## STATEMENT OF PROCEDURAL HISTORY

On September 5, 2013, Appellant Richard Henry was charged with theft. (C.R. at 7). On September 12, 2013 Appellant was indicted in the 177th District Court of Harris County, Texas. (C.R. at 11). Appellant represented himself at a jury trial, was

convicted, and was sentenced to 30 years in prison after a punishment hearing before the jury. (C.R. at 163-164). Appellant's appeal was initially affirmed in an unpublished, unanimous opinion by the Fourteenth Court of Appeals on July 9, 2015. *Bullock v. State*, No. 14–14–00304–CR, 2015 WL 4140670 (Tex. App.−Houston [14th Dist.] July 9, 2015) *withdrawn by* 2015 WL 6163014 (Tex. App.-Houston [14th Dist.] Oct. 20, 2015). On July 10, 2015, Appellant filed a timely motion requesting rehearing, consideration *en banc*, and publication of the opinion. On October 20, 2015, the Fourteenth Court of Appeals denied Appellant's motion for rehearing, withdrew its opinion, and issued a published substitute opinion affirming Appellant's conviction with Justice McCally issuing a dissenting opinion. *Bullock v. State,* --- S.W.3d ----, 2015 WL 6163014 (Tex. App.−Houston [14th Dist.] Oct. 20, 2015).

## GROUND FOR REVIEW

Where the evidence may support a conviction either for theft or the lesser-included offense of attempted theft, did the trial court err in denying Appellant's request for an instruction on the lesser-included offense?

## REASONS FOR REVIEW

1) The decision in Appellant's case departs from controlling precedent, which requires the jury to resolve conflicts in the evidence when the evidence could support either a greater offense or a lesser-included offense. TEX. R. APP. PROC. R. 66.3(c); *Stevenson v. United States*, 162 U.S. 313, 315 (1896); *Sweed v. State*, 351 S.W.3d 63, 69 (Tex. Crim. App. 2011).

2

2) The justices of the Fourteenth Court of Appeals have disagreed on a material question of law necessary to the Court's decision. TEX. R. APP. PROC. R. 66.3(e); *Bullock*, 2015 WL 6163014 at *7 (J. McCally, dissenting) (finding legal sufficiency cases relied upon by the majority unpersuasive as to whether Appellant should have been granted a lesser-included offense instruction).

3) Appellant's case has precedential value as a published opinion, and is likely to be relied upon as legal authority in the Fourteenth Judicial District of Texas.

## ARGUMENT

**Where the evidence may support a conviction either for theft or the lesser-included offense of attempted theft, did the trial court err in denying Appellant's request for an instruction on the lesser-included offense?**

### A. Relevant Facts

#### 1. Facts not in dispute

Roy Martinez and his helper, both employees of Cort Furniture Rental, were exchanging furniture at an apartment building off of Richmond Drive in Houston. (5 R.R. at 10, 13). While his helper went to the apartment unit, Martinez tidied up the cargo area of the delivery truck. (5 R.R. at 11, 13). While Martinez was in the cargo area of the truck, Appellant entered the cabin of the truck. (5 R.R. at 61-62). When Martinez found Appellant in the cabin of the truck, Appellant unsuccessfully attempted to flee and was restrained by Martinez until authorities arrived. (5 R.R. at 16-18).

3

## 2. Witness Martinez's version of events

Martinez claimed that Appellant attempted to drive the delivery truck, alerting Martinez to Appellant's unauthorized presence in the cabin of the truck:

> **By Martinez:** A. Well, the truck -- somebody, like – the truck start and, you know, like, when someone tries to go forward and he was pushing the gas. You could hear the engine.
> **By the Prosecution:** Q. Okay.
> A. Pushing the engine.

(5 R.R. at 14). When Martinez came out of the cargo area and went to the passenger side of the delivery truck, he saw Appellant in the driver's seat:

> **By Martinez:** A. Well, he was just doing this, grabbing the steering wheel. It's a big steering wheel, (indicating), and pushing the gas. So I came through this side, the passenger side (indicating), and he got shocked when he saw me.

(5 R.R. at 18). Martinez believed that Appellant had been trying to start and steal the truck:

> **By the Prosecution:** Q. Okay. So he was in the driver's seat?
> A. Yes, sir.
> Q. And he had his hands on the wheel?
> A. Uh-huh.
> Q. How many times could you say that he was hitting the gas, that he was trying to accelerate?
> A. I can't tell, but it was at least more than six times.
> Q. More than six times?
> A. Yes, sir.
> Q. And in your experience, when you're hitting the gas that many times, what are you trying to do in a vehicle?
> A. Steal it.
> Q. You're trying to drive it away?
> A. Yeah, like, drive it away.
> Q. Yeah. Why -- why didn't the car go? I mean, why didn't the van -- why didn't it start moving?

4

A. Because it had the air brakes on, like, it was activated so the truck can't move until you release the button.

(5 R.R. at 18-19).

### 3. Appellant's Version of Events

Appellant claimed that he entered the delivery truck and attempted to

burglarize the truck:

> **By Appellant:** So I got up in the truck, and I was looking for something to steal. That's all it was. I was looking for the bank bag. A lot of those delivery trucks, they have bank bags in them, cash, checks, money orders; and that's what I was looking for.
> At no time was I trying to steal the truck. I can't drive the truck. It's a big truck. It's big as an 18-wheeler. I don't know how -- I'm not certified. I don't know how to drive a truck like that. You know, I've never had any training. I'm not certified, you know?
> […]
> Well, that's what happened, ladies and gentlemen. I went into the truck looking for a bank bag or a GPS unit or laptop, you know, something I could take and boogie on down the road with it, get in my car and split. Can't drive the truck.

(5 R.R. at 61-63). When cross-examined by the prosecutor, Appellant maintained that

he never operated the truck:

> Q. Okay. Would you agree with me that you -- that you exercised control over that truck?
> A. No, I didn't.
> Q. So you don't think that sitting in the driver's seat pushing the accelerator, messing with all of the buttons and trying to drive away would not be exercising any control over the truck? Yes or no?
> A. If that's what I did, but that's not what I did.
> Q. According to you?
> A. According to me. I got in that truck, and I was looking around. I -- I never pushed on the accelerator, hit the brakes --
> Q. That's all, sir.
> A. -- and all that.

(5 R.R. at 68).

## B. The Fourteenth Court of Appeals's Decision

### 1. The substitute majority opinion concluded that Appellant committed the greater offense of theft of a vehicle as a matter of law

The substitute majority opinion concluded that Appellant was not entitled to an instruction on the lesser-included offense of attempted theft, reasoning that once a person takes possession of an automobile, the evidence can only support conviction for the greater offense of theft

> Appellant contends that "unsuccessful attempts to start and take an automobile have been deemed attempted theft or attempted larceny," citing *Denton v. State*, 911 S.W.2d 388, 388 (Tex. Crim. App. 1995).
>
> Appellant misplaces his reliance on *Denton*, which addressed sufficiency of the evidence to establish that a vehicle was "operated" within the meaning of the statute proscribing unauthorized use of a motor vehicle. See *Denton*, 911 S.W.2d at 388-89) (citing TEX. PENAL CODE ANN. § 31.07(a)). More germane are cases establishing that a theft offense occurs when the defendant is present without permission behind the steering wheel of a motor vehicle owned by another regardless of whether the vehicle can be started or is moving. See *Barnes v. State*, 513 S.W.2d 850, 851 (Tex. Crim. App. 1974) ("Contrary to common law, it was not necessary that the automobile be moved or carried away."); *Ward v. State*, 446 S.W.2d 304, 306 (Tex. Crim. App. 1969) (conviction based on evidence including "[t]he presence of the appellant behind the steering wheel while alone in the car parked at the 500 Club . . . ."); *Esparza v. State*, 367 S.W.2d 861, 861-62 (Tex. Crim. App. 1963) (defendant was present in the driver's seat of a car that would not start because the ignition wires had been cut); *Krause v. State*, 206 S.W.2d 257, 258 (Tex. Crim. App. 1947) ("We are of the opinion that the offense was complete when appellant took possession of the automobile since asportation is not a necessary element of the offense . . . .").

*Bullock*, 2015 WL 6163014 at *6.

**2. The substitute dissenting opinion concluded that where the evidence may support either the greater offense or the lesser-included offense, the conflicts in the evidence are properly resolved by the factfinder**

Justice McCally noted that she had authored the initial panel opinion and had been persuaded that the Court employed the wrong analysis in its initial opinion:

> [I]f the jury **believed** appellant's testimony that he did not exercise control over the truck, **disbelieved** his testimony that he did not intend to steal the truck, and **inferred** from appellant's entry into the truck that he intended to steal the truck, then a jury rationally could have found appellant guilty of attempted theft and only attempted theft. *See Rice v. State*, 333 S.W.3d 140, 145 (Tex. Crim. App. 2011) (holding that a defendant is entitled to a lesser-included offense instruction if there is "evidence in the record which would permit a jury to rationally find that, if the defendant is guilty, he is guilty only of the lesser-included offense").

*Bullock*, 2015 WL 6163014 at *6 (J. McCally, dissenting) (emphasis original).

Justice McCally then concluded that the ruling by the substitute majority opinion deprived the jury of its fact-finding role:

> Paying no heed to *Jones* and its progeny, the substitute majority opinion focusses [*sic*] instead on cases addressing the sufficiency of the evidence for theft. The substitute majority opinion reasons that a theft offense "occurs" when the defendant is present without permission behind the steering wheel of a motor vehicle. This analysis, however, deprives the jury of fulfilling its important role to decide questions of fact. I agree with then-Justice Alcala's reasoning in *Sweed*—legal sufficiency cases are unpersuasive for determining whether a jury rationally could have found that appellant committed attempted theft versus theft. See *Sweed v. State*, 321 S.W.3d 42, 50–51 (Tex. App.—Houston [1st Dist.] 2010) (Alcala, J., dissenting) (agreeing the evidence was legally sufficient, but the issue of whether a lesser-included-offense instruction should be given is not addressed by legal sufficiency cases), *rev'd*, 351 S.W.3d 63 (Tex. Crim. App. 2011). I would hold, as the Court of Criminal Appeals held in *Sweed*, that "the evidence presented is subject to different interpretations." *See* 351 S.W.3d at 68. "It is the jury's role, not the

7

court's, to determine whether there is sufficient evidence to support a lesser-included offense." *Id.* at 69. The error in in this case is "easily preventable by one simple rule: Judges should not refuse to allow juries to decide questions of fact." *Sweed*, 321 S.W.3d at 52 (Alcala, J., dissenting).

*Bullock*, 2015 WL 6163014 at *7 (J. McCally, dissenting).

**C. Where evidence presented is subject to different interpretations, it is the jury's role to determine whether there is sufficient evidence to support a lesser-included offense**

**1. Cases involving whether evidence is legally sufficient to support a particular verdict do not resolve whether a defendant is entitled to an instruction on a lesser-included offense**

The substitute majority opinion relies exclusively on several legal sufficiency cases[2] to conclude that a theft "occurred" once Appellant was found present behind the steering wheel of the delivery truck. *Bullock*, 2015 WL 6163014 at *6. However, a legal sufficiency analysis is an inappropriate test to determine whether or not a defendant should have been granted an instruction on a lesser-included offense. A legal sufficiency analysis, which determines whether a particular verdict is supported by the evidence and comports with due process standards, serves a vastly different function than a lesser-included-offense instruction, which determines whether the jury should have been permitted to consider alternative theories before rendering its verdict. *See Jackson v. Virginia*, 443 U.S. 307, 315–316 (1979); *Stevenson v. United States*, 162 U.S. 313, 314–315 (1896). The tests and threshold amount of evidence employed

---

[2] The substitute dissenting opinion adeptly distinguishes the fact patterns in the cases relied upon by the substitute majority opinion from Appellant's case. *Bullock*, 2015 WL 6163014 at *7.

by legal sufficiency analysis and the lesser-included-offense analysis differ greatly. Legal sufficiency analysis seeks to determine whether evidence is of sufficient quality to support the verdict while the lesser-included-offense analysis simply looks to see whether anything more than a scintilla of evidence exists to support a lesser-included offense. *See Jackson v. Virginia*, 443 U.S. at 319; *Forest v. State*, 989 S.W.2d 365, 367 (Tex. Crim. App. 1999). As the legal sufficiency and lesser-included offense standards are incongruous, the substitute majority opinion errs in relying upon the wrong standard to support its ultimate conclusion.

**2. Where evidence presented is subject to different interpretations, it is the jury's role to resolve conflicts in the evidence**

While the lesser-included-offense analysis is vastly different from a legal sufficiency analysis, like a legal sufficiency analysis, it seeks to protect the factfinder's primacy in the trial process:

> The evidence might appear to the court to be simply overwhelming to show that the [greater offense occurred], and yet, so long as there was some evidence relevant to the issue of [lesser-included offense], the credibility and force of such evidence must be for the jury, and cannot be matter of law for the decision of the court.

*Stevenson v. United States*, 162 U.S. at 315. As *Stevenson* highlights, in many cases, the same facts may be interpreted to show either a lesser-included offense or a greater offense. *Id.* Where the evidence is subject to different interpretations with different legal consequences, the jury should be instructed on both interpretations. *See Saunders v. State*, 840 S.W.2d 390, 392 (Tex. Crim. App. 1992).

9

**D. A rational juror could conclude that Appellant committed the lesser-included offense of attempted theft of a vehicle, but did not commit the greater offense of theft of a vehicle**

The substitute dissenting opinion explained that the jury could have resolved conflicts in the evidence in such a way which would authorize conviction on the lesser-included offense of attempted theft but not the greater offense of theft:

> [I]f the jury **believed** appellant's testimony that he did not exercise control over the truck, **disbelieved** his testimony that he did not intend to steal the truck, and **inferred** from appellant's entry into the truck that he intended to steal the truck, then a jury rationally could have found appellant guilty of attempted theft and only attempted theft.

*Bullock*, 2015 WL 6163014 at *6 (J. McCally, dissenting) (emphasis original). The substitute dissenting opinion then explained that in *Denton*, a defendant was convicted of attempted theft of a vehicle under similar circumstances:

> Appellant's reliance on *Denton*, a legal sufficiency case, merely illustrates the fact that a jury found *Denton* guilty of attempted theft (rather than theft) when the jury was presented with a lesser-included-offense instruction for attempted theft under facts similar to Martinez's testimony here. *See Denton v. State*, 880 S.W.2d 255, 256 (Tex. App.—Fort Worth 1994) (noting that the defendant was charged with theft of a vehicle but the jury acquitted him of theft and convicted him of attempted theft; evidence showed that the defendant was sitting behind the wheel of the complainant's truck and revving the engine, but the truck had a transmission problem and could not be moved), *aff'd*, 911 S.W.2d 388 (Tex. Crim. App. 1995).

*Bullock*, 2015 WL 6163014 at *7, n.2.

"Theft" is defined as the "unlawful[] appropriat[ion of] property with intent to deprive the owner of property. TEX. PENAL CODE § 31.03(a). "Appropriate" is defined as "to acquire or otherwise exercise control over property other than real

10

property." TEX. PENAL CODE § 31.01(4)(B). Appellant adamantly denied exercising control over the delivery truck and denied pressing the gas pedals. (5 R.R. at 68). It was for the jury to decide between the defense hypothesis that Appellant never exerted control over the delivery truck or the State's hypothesis that Appellant tried to drive the delivery truck. *Sweed v. State*, 351 S.W.3d 63, 69 (Tex. Crim. App. 2011) (it is the jury's role to determine whether there is sufficient evidence to support a lesser-included offense). It was incorrect for the substitute majority opinion to conclude that Appellant committed "theft as a matter of law," and Appellant should have been furnished with an instruction on the lesser-included offense of attempted theft.

## PRAYER

Appellant prays that this Court reverse and remand his case for a new trial.

Respectfully submitted,

**ALEXANDER BUNIN**
Chief Public Defender
Harris County Texas

**/s/** Nicolas Hughes
**NICOLAS HUGHES**
Assistant Public Defender
Harris County Texas
1201 Franklin Street, 13th Floor
Houston Texas 77002
(713) 368-0016
(713) 386-9278 fax
TBA No. 24059981
nicolas.hughes@pdo.hctx.net

**CERTIFICATE OF SERVICE**

I certify that a copy of this Appellant's Petition for Discretionary Review (Bullock) has been served upon the Harris County District Attorney's Office – Appellate Section and upon the State Prosecuting Attorney, on November 6, 2015 by electronic service.

/s/ Nicolas Hughes
**NICOLAS HUGHES**
Assistant Public Defender

**CERTIFICATE OF COMPLIANCE**

This document complies with the typeface requirements of TEX. R. APP. P. 9.4(e) because it has been prepared in a conventional typeface no smaller than 14-point for text and 12-point for footnotes. This document also complies with the page and word count limitations of TEX. R. APP. P. 9.4(i), if applicable, because it contains 2,638 words excluding portions not to be counted under TEX. R. APP. P. 9.4(i)(1).

/s/ Nicolas Hughes
**NICOLAS HUGHES**
Assistant Public Defender

A.  Majority Opinion, *Bullock v. State,* --- S.W.3d ----, 2015 WL 6163014 (Tex. App.–Houston [14th Dist.] Oct. 20, 2015)

B.  Dissenting Opinion, *Bullock v. State,* --- S.W.3d ----, 2015 WL 6163014 (Tex. App.–Houston [14th Dist.] Oct. 20, 2015)

**Motion for Rehearing Denied; Motion for Rehearing En Banc Denied as Moot; Memorandum Opinion of July 9, 2015, Withdrawn; Affirmed and Substitute Majority and Dissenting Opinions filed October 20, 2015.**



**In The**

# Fourteenth Court of Appeals

## NO. 14-14-00304-CR

### HENRY RICHARD BULLOCK, JR., Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 177th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1400383**

## S U B S T I T U T E   M A J O R I T Y   O P I N I O N

We withdraw the memorandum opinion issued in this case on July 9, 2015, and we issue this substitute majority opinion. We deny appellant's motion for rehearing. We deny as moot appellant's motion for rehearing en banc.[1]

---

[1] Appellant contends his name is incorrectly captioned in this case and it is "Richard Bullock Henry or Imari Obadele." We use the name appearing in the trial court's judgment.

A jury found appellant guilty of theft of a truck valued at $20,000 or more but less than $100,000, a third-degree felony. *See* Tex. Penal Code Ann. § 31.03(a), (e)(5) (Vernon Supp. 2014). The jury found two enhancement allegations true and assessed punishment at thirty years' confinement. Appellant challenges his conviction in three issues, contending that (1) the evidence is legally insufficient to prove the value of the truck; (2) he suffered egregious harm from the trial court's failure to define "value" in the jury charge; and (3) the trial court erred by refusing to charge the jury on the lesser-included offense of attempted theft. We affirm.

## I. SUFFICIENCY OF THE EVIDENCE OF VALUE

In his first issue, appellant contends the evidence is legally insufficient to prove beyond a reasonable doubt that the fair market value of the truck at the time of the offense was $20,000 or more but less than $100,000. We hold that the evidence is legally sufficient.

## A. Standards for Legal Sufficiency and Proof of Value

"In determining whether the evidence is legally sufficient to support a conviction, a reviewing court must consider all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, a rational fact finder could have found the essential elements of the crime beyond a reasonable doubt." *Whatley v. State*, 445 S.W.3d 159, 166 (Tex. Crim. App. 2014) (quotation omitted); *see also Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979). In reviewing historical facts that support conflicting inferences, we must presume that the jury resolved any conflicts in the State's favor, and we must defer to that resolution. *Whatley*, 445 S.W.3d at 166.

---

Neither party asks this court to modify the trial court's judgment to reflect a different name.

2

"[A]n inference is a conclusion reached by considering other facts and deducing a logical consequence from them." *Id.* (alteration in original) (quotation omitted).

In a theft case, the State has the burden to prove the property's value through evidence of either "(1) its fair market value at the time and place of the offense, or (2) the cost of replacing it within a reasonable time after the theft if fair market value could not be ascertained." *Smiles v. State*, 298 S.W.3d 716, 719 (Tex. App.—Houston [14th Dist.] 2009, no pet.) (citing Tex. Penal Code Ann. § 31.08). "Fair market value is the amount of money that the property would sell for in cash, given a reasonable time for selling it." *Id.* When an owner of the property testifies about value, we "presume that an owner's testimony regarding the value of property is an estimation of the property's fair market value." *Id.* An owner may testify about fair market value "in terms of purchase price or the cost to him of replacing the stolen property." *Id.* "Because such testimony is an offer of the owner's best knowledge of the value of his property, it is legally sufficient evidence for the trier of fact to make a determination as to value based on the owner's credibility as a witness." *Id.* "If a defendant wishes to rebut the owner's opinion evidence as to value he must do more than merely impeach the witness's credibility during cross-examination; he must actually offer controverting evidence as to the value of the stolen item." *Id.*

## B.    Evidence at Trial

Roy Martinez testified that he was an assistant manager at Cort Furniture Rental, and he was making a delivery with the company's leased delivery truck. It was a big, twenty-six-foot box truck with eighteen-wheeler tires and air brakes. It was a "pretty heavy" truck that held about 25,000 pounds. While Martinez was in the back of the truck, appellant got in the cab, turned on the truck, and revved the engine by pushing on the gas pedal. The truck did not go forward because the air

3

brake was on, so Martinez went to the cab of the truck and confronted appellant. Appellant's hands were on the steering wheel, and appellant was pushing the gas and the brake pedals. Appellant jumped out of the truck and ran away. After a chase, Martinez subdued appellant.

Martinez testified about the truck's value:

Q. And how much is the truck worth?

A. We have it in the statement from the — because my company leases one from Penske, and the value of the truck is $83,000.

Q. Okay.

A. Without saying, like, the merchandise, you know.

Q. That was only the value of the vehicle itself?

A. Just the vehicle.

. . . .

Q. Right. And how did you — how do you know the value of the vehicle?

A. Well, that day they asked me what was the value of the vehicle since I'm kind of familiar and been working there for many years. Every time they give us — every five years they give us new trucks and they let us know the value of the trucks so we can take care of, you know, the vehicles. It's part of our tools.

. . . .

Q. Mr. Martinez, we're calling you back to the stand just very briefly. When we were talking about the value of the vehicle, how do you know that information?

A. The information was provided from Penske Rental Trucks because we lease — well, the company leases the trucks from Penske Company.

Q. And so you have personal knowledge of the value of the vehicle?

A. Yes, sir. They send us an e-mail and with the price — well, the value of that truck right here (indicating).

Q. And that's an e-mail from who?

4

A.  From Penske, I think, managers from there, they sent it to us.

Q.  And Cort doesn't own the truck.  You guys rent the truck?

A.  This is just a lease truck.

Q.  It's a lease?

A.  A lease truck.

Appellant represented himself at trial with standby counsel.  On cross-examination, although appellant testified that he did not agree the value of the truck was over $20,000 and under $100,000, he testified, "No, I don't know what the truck was valued at."

## C.    Sufficient Evidence of Value

Appellant concedes that Martinez is an owner of the truck for purposes of this appeal, and generally, an owner's testimony about the property's value is sufficient to sustain a conviction.  Citing several cases from other states, appellant asks this court to depart from established Texas law by requiring additional evidence of the owner's familiarity with the property, such as its age, condition, or deterioration.  We review appellant's authorities below.

In *Sanchez v. Florida*, the court of appeals recited the first prong of its "two-pronged test" for an owner's testimony to be sufficient evidence of value, which requires evidence of the owner's "personal knowledge of the characteristics of the stolen property, such as the quality, cost, and condition of the property."  101 So. 3d 1283, 1286 (Fla. Dist. Ct. App. 2012) (quotation omitted).  In Florida, evidence of value is sufficient when there is evidence about "the condition, quality, age, or depreciation of the item," and the evidence is insufficient if "the value of the property is estimated and no other proof is presented."  *Id.* at 1287 (quotations omitted).  In Florida, "[t]he competence presumed of an owner is fragile."  *Id.* at 1286.

As discussed above, Texas courts do not treat an owner's competence as fragile. For example, in the seminal Court of Criminal Appeals case *Sullivan v. State*, the court held that evidence was sufficient to prove the value of a gun when the owner "clearly testified that the value of the gun was $500.00." 701 S.W.2d 905, 909-10 (Tex. Crim. App. 1986). The property owner in *Sullivan* initially testified that he had no idea what the gun was worth:

> Q. Because of its special nature, did you inquire during the time period that you owned this gun, particularly right around August and September, '82, what the current price of that gun might have been?
>
> A. No.
>
> Q. Okay, so you don't have any idea what the price of the gun would have been about the time it was stolen?
>
> A. Well, no.

*Id.* at 907. After a short recess, the owner gave his opinion of the value of the gun:

> Q. As the owner of that gun, do you have an idea as to what the market value of that gun was?
>
> A. Since it has been fired and used, I would say Five Hundred Dollars ($500.00).
>
> . . . .
>
> Q. That's why you placed it so high?
>
> A. Yes.
>
> Q. Because you just don't want to sell it?
>
> A. It's worth Five Hundred Dollars ($500.00) at least.

*Id.* Finally, the owner testified that $500 was what he would "take for it," and:

> Q. That's not any comparison with market value? You don't know what this thing sells for out in the street . . . you don't know what it sold for back in September?
>
> A. No.

6

*Id.* The Court of Criminal Appeals held that a property owner's "opinion or estimate" of the value is sufficient absent any "controverting evidence as to the value of the property." *Id.* at 909. In light of *Sullivan*, Florida case law is unpersuasive. *See Campbell v. State*, 426 S.W.3d 780, 785 (Tex. Crim. App. 2014) ("[W]e presume that an owner's testimony estimating the value of his property is either estimating the purchase price of the property or the cost to replace the property in terms of the fair market value, even though the owner may not use specific terms 'market value,' 'replacement value,' or 'purchase price.'") (citing *Sullivan*, 701 S.W.2d at 909).

Appellant also relies on New York and Colorado cases, but those cases have vastly different facts. In the New York case, the witness testifying about value was not the property owner — he was an expert witness. *See People v. Medina*, 490 N.Y.S.2d 491, 492 (N.Y. App. Div. 1985). In the Colorado case, the court did not specify whether the evidence of value came from the property owner, and the witness testified that the value was "in the vicinity of $50." *Henson v. People*, 444 P.2d 275, 277 (Colo. 1968). The offense was theft of property valued at more than $50, so evidence that the value was "in the vicinity" of the element was insufficient. *See id.*

Further, appellant contends that Martinez's testimony was insufficient to prove the value of the truck at the time of the offense because (1) there is no evidence of the age or condition of the truck; (2) there is no accounting for depreciation; and (3) the "lease value" of the truck is not market value. Appellant relies on this court's decision in *Sweeney v. State*, 633 S.W.2d 354 (Tex. App.— Houston [14th Dist.] 1982, pet. ref'd), where the only question and answer about value was:

> Q. When you purchased the Sony television, approximately how much did you pay for it?
>
> A. Financed it and it cost me seven hundred.

*Id.* at 355. In *Sweeney*, the evidence was legally insufficient to prove that the value of the television exceeded $200 because there was no evidence of the terms under which the purchase of the television was financed and no evidence of the age or condition of the television that might indicate a lack of significant depreciation. *See id.* at 355-56.

Unlike in *Sweeney*, Martinez testified that his company leased new trucks every five years, leading to the rational inference that the truck in question was less than five years old at the time of the theft. Although Martinez did not provide an opinion about depreciation, such evidence is not always required. *See MaGee v. State*, 715 S.W.2d 838, 839-40 (Tex. App.—Houston [14th Dist.] 1986, no pet.) (noting that in "many" theft cases, the property owner will testify about value based on the purchase price minus depreciation). Here, a rational fact finder could have found beyond a reasonable doubt that the value of the truck was at least $20,000 on the date of the offense.

Further, Martinez testified that the value of the truck itself was $83,000, not what it "cost" the company. That is, Martinez did not testify about the "lease value" or whatever amount the company paid to lease the truck. That type of testimony might not have been evidence of fair market value, just as the amount paid for a financed television was not evidence of fair market value. *See Sweeney*, 633 S.W.2d at 355-56. But Martinez's testimony about value was clear and unequivocal, and appellant did not offer any "controverting evidence as to the value of the stolen item," which was necessary to rebut the property-owner presumption. *See Sullivan*, 701 S.W.2d at 909; *Smiles*, 298 S.W.3d at 719.

8

The evidence is legally sufficient. Appellant's first issue is overruled.

## II. JURY CHARGE: DEFINITION OF "VALUE"

In his second issue, appellant contends the trial court erred by failing to include a jury instruction defining "value" as "fair market value," which caused appellant egregious harm. Assuming without deciding that "value" should have been defined, we hold that appellant has not suffered egregious harm.

Because appellant did not object to the trial court's failure to define "value" in the jury charge, we will not reverse unless the record shows egregious harm. *See Taylor v. State*, 332 S.W.3d 483, 489 (Tex. Crim. App. 2011). Jury charge error is egregiously harmful if the error affects the very basis of the case, deprives the defendant of a valuable right, vitally affects the defensive theory, or makes a case for conviction clearly and significantly more persuasive. *Id.* at 490. The harm must be actual, not just theoretical. *Ngo v. State*, 175 S.W.3d 738, 750 (Tex. Crim. App. 2005). To make this determination, we will review the entire record, including (1) the complete jury charge, (2) the arguments of counsel, (3) the entirety of the evidence, including the contested issues and weight of the probative evidence, and (4) any other relevant factors revealed by the record as a whole. *Hollander v. State*, 414 S.W.3d 746, 749-50 (Tex. Crim. App. 2013).

The remainder of the jury charge adequately described the offense and included all of the elements of theft. *See Lovings v. State*, 376 S.W.3d 328, 337-38 (Tex. App.—Houston [14th Dist.] 2012, no pet.) (citing *Rohlfing v. State*, 612 S.W.2d 598, 602-03 (Tex. Crim. App. [Panel Op.] 1981)) (failure of charge to include definition of "without consent" in a sexual assault prosecution did not cause egregious harm; noting that the charge "included all of the elements of the offense"). Thus, the jury charge was not "fundamentally defective." *Id.* at 338.

9

Further, nothing in the record indicates that the lack of a definition would have "confused the jury or caused the jury to misapply the law." *Id.* In making an egregious harm determination, this court has held that "when a statutory definition is not included in the jury charge, 'it is assumed the jury would consider the commonly understood meaning in its deliberations.'" *Id.* (quoting *Olveda v. State*, 650 S.W.2d 408, 409 (Tex. Crim. App. 1983)) (referring to dictionary definition to determine commonly understood meaning). The dictionary definition of "value" includes "a ***fair*** return in goods, services, or money," and a "***marketable*** price usually in terms of a medium of exchange." Webster's Third New International Dictionary 2530 (1993) (emphasis added).[2] Because the commonly understood meaning of "value" "closely resembles the applicable statutory definition[]," the record does not support a finding of egregious harm. *See Lovings*, 376 S.W.3d at 338 (no egregious harm when the dictionary definition of "consent" included the example "to willingly engage in a sexual act" and it was commonly understood that "without consent" would mean unwillingly engaging in a sexual act; the statutory definition required the use of physical force, violence, or threatening to use force or violence; "the statutory definition was not necessary to correct or complete the jury's understanding of the concepts or terms").

Turning to the evidence and contested issues, the value of the truck was not a significant issue at trial. Appellant's sole defensive theory was that he intended to steal something from the cab of the truck like a navigation system or cash, and he did not intend to steal the truck. Appellant presented no evidence about the value of the truck, and he testified that he did not know the value of the truck. Appellant did not cross-examine Martinez about the value of the truck, and there was no dispute about whether Martinez was testifying about the fair market value

---

[2] We refer to this dictionary because it is "among the most commonly used." *Clinton v. State*, 354 S.W.3d 795, 800 n.2 (Tex. Crim. App. 2011).

10

or some other type of value (such as replacement cost).  *Cf. Hodges v. State*, 160 S.W.2d 262, 264-65 (Tex. Crim. App. 1942) (reversible error for not defining value in the jury charge when there was some evidence that the property had no market value and the replacement value was less than the State's proposed market value).

Accordingly, our review of the evidence and contested issues does not favor a finding of egregious harm.  *See Lovings*, 376 S.W.3d at 338-39 (no egregious harm from failing to define "without consent" even though the sole contested issue at trial was whether the sexual encounter was consensual, but the complainant's testimony was consistent with the omitted statutory definition, and the real issue was whose version of the events to believe); *see also Hudson v. State*, 179 S.W.3d 731, 740 (Tex. App.—Houston [14th Dist.] 2005, no pet.) (no egregious harm from failure to define "common-law marriage," "consanguinity," and "affinity," in a prosecution for assault of a family member because the jury heard evidence that the defendant and complainant were common-law married and "it is commonly understood that one's spouse is a member of one's family").

The record as a whole does not demonstrate that the failure of the jury charge to define "value" as "fair market value" deprived appellant of a valuable right, affected a defensive theory, or made the case for conviction more persuasive. Appellant did not suffer egregious harm.

Appellant's second issue is overruled.

### III.   JURY CHARGE: ATTEMPTED THEFT

In his third issue, appellant contends the trial court erred by denying his requested instruction on the lesser-included offense of attempted theft.  The State concedes that attempted theft is a lesser-included offense of theft.  *See* Tex. Code

11

Crim. Proc. Ann. art. 37.09 (Vernon 2006) ("An offense is a lesser included offense if . . . it consists of an attempt to commit the offense charged or an otherwise included offense.").

But a defendant is only entitled to a lesser-included offense instruction if there is "evidence in the record which would permit a jury to rationally find that, if the defendant is guilty, he is guilty only of the lesser-included offense." *Rice v. State*, 333 S.W.3d 140, 145 (Tex. Crim. App. 2011). "[A]nything more than a scintilla of evidence may be sufficient to entitle a defendant to a lesser charge." *Hall v. State*, 225 S.W.3d 524, 536 (Tex. Crim. App. 2007). "The evidence must establish the lesser-included offense as 'a valid, rational alternative to the charged offense.'" *Rice*, 333 S.W.3d at 145 (quoting *Hall*, 225 S.W.3d at 536).

A person commits an attempt offense "if, with specific intent to commit an offense, he does an act amounting to more than mere preparation that tends but fails to effect the commission of the offense intended." Tex. Penal Code Ann. § 15.01(a) (Vernon 2011). After reviewing the entire record, we conclude there is no evidence that would enable to a jury to find appellant guilty of the attempted theft of the truck as a valid, rational alternative to the theft of the truck.

Appellant testified and argued to the jury that he lacked the specific intent to steal the truck.[3] On rehearing, appellant acknowledges the teaching of *Lofton v. State*, 45 S.W.3d 649, 652 (Tex. Crim. App. 2001): "A defendant's own testimony that he committed no offense, or testimony which otherwise shows that no offense occurred at all, is not adequate to raise the issue of a lesser-included offense."

---

[3] Appellant testified, "At no time was I trying to steal the truck," and, "at no time did I try to steal the truck." He testified, "I was looking for something to steal," such as a GPS unit, laptop, cash, checks, money orders, or "something I could take and boogie on down the road with." He argued during closing arguments, "I had no intention whatsoever to take the man's truck."

Appellant nonetheless argues that other testimony, if believed, could have allowed a rational jury to conclude that appellant "had specifically intended to steal the truck and had completed an act amounting to more than mere preparation but which failed to effect the . . . completed theft." Appellant points to his testimony that he did not start the truck or push the accelerator. Appellant also points to Martinez's testimony that appellant was unable to make the truck move while appellant was occupying the driver's seat with his hands on the steering wheel. Appellant contends that "unsuccessful attempts to start and take an automobile have been deemed attempted theft or attempted larceny," citing *Denton v. State*, 911 S.W.2d 388, 388 (Tex. Crim. App. 1995).

Appellant misplaces his reliance on *Denton*, which addressed sufficiency of the evidence to establish that a vehicle was "operated" within the meaning of the statute proscribing unauthorized use of a motor vehicle. *See Denton*, 911 S.W.2d at 388-89) (citing Tex. Penal Code Ann. § 31.07(a)). More germane are cases establishing that a theft offense occurs when the defendant is present without permission behind the steering wheel of a motor vehicle owned by another regardless of whether the vehicle can be started or is moving. *See Barnes v. State*, 513 S.W.2d 850, 851 (Tex. Crim. App. 1974) ("Contrary to common law, it was not necessary that the automobile be moved or carried away."); *Ward v. State*, 446 S.W.2d 304, 306 (Tex. Crim. App. 1969) (conviction based on evidence including "[t]he presence of the appellant behind the steering wheel while alone in the car parked at the 500 Club . . . ."); *Esparza v. State*, 367 S.W.2d 861, 861-62 (Tex. Crim. App. 1963) (defendant was present in the driver's seat of a car that would not start because the ignition wires had been cut); *Krause v. State*, 206 S.W.2d 257, 258 (Tex. Crim. App. 1947) ("We are of the opinion that the offense was complete

13

when appellant took possession of the automobile since asportation is not a necessary element of the offense . . . .").

We reject appellant's contentions and overrule his third issue.

## IV. CONCLUSION

Having overruled all of appellant's issues, we affirm the trial court's judgment.


/s/    William J. Boyce
        Justice

Panel consists of Chief Justice Frost and Justices Boyce and McCally (McCally, J., dissenting).
Publish — Tex. R. App. P. 47.2.



In The

# Fourteenth Court of Appeals

---

### NO. 14-14-00304-CR

---

### HENRY RICHARD BULLOCK, JR., Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the 177th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1400383**

---

## DISSENTING OPINION

I am persuaded by appellant's motion for rehearing that the original panel opinion, which I authored, employed a lesser-included-offense analysis for the disposition of appellant's jury charge issue that is in conflict with Texas Court of Criminal Appeals decisions such as *Jones v. State*, 984 S.W.2d 254, 257–58 (Tex. Crim. App. 1998). Specifically, the original panel opinion reasoned that, notwithstanding appellant's testimony that he did not exercise control over the truck, appellant's blanket denial of his intent to steal the truck negated his ability to obtain a lesser-included

instruction on attempted theft. *Jones*, however, instructs that the proper analysis does not focus solely on the defendant's "blanket denial" of theft because the question is whether any evidence from any source raises the issue. *Id.* (holding that the defendant was entitled to lesser-included-offense instruction for theft even though he testified that he did not steal or intend to steal). More to the point, contrary to what the panel opinion says, "[t]he jury was free to believe [some] testimony by appellant, and disbelieve the rest of what he said." *Id.* at 257.

Thus, if the jury **believed** appellant's testimony that he did not exercise control over the truck, **disbelieved** his testimony that he did not intend to steal the truck, and **inferred** from appellant's entry into the truck that he intended to steal the truck, then a jury rationally could have found appellant guilty of attempted theft and only attempted theft. *See Rice v. State*, 333 S.W.3d 140, 145 (Tex. Crim. App. 2011) (holding that a defendant is entitled to a lesser-included offense instruction if there is "evidence in the record which would permit a jury to rationally find that, if the defendant is guilty, he is guilty only of the lesser-included offense").[1]

In other words, appellant's denials regarding his conduct of exercising control amount to some evidence directly germane to the lesser-included offense. *Lofton* does not resolve the jury charge issue in this case because appellant did not merely present evidence that he committed no offense at all. *See Lofton v. State*, 45 S.W.3d 649, 652 (Tex. Crim. App. 2001) (defendant not entitled to instruction on resisting arrest when

---

[1] Appellant testified:

> Q. Okay. Would you agree with me that you—that you exercised control over that truck?
>
> A. No, I didn't.
>
> Q. So you don't think that sitting in the driver's seat pushing the accelerator, messing with all of the buttons and trying to drive away would not be exercising any control over the truck? Yes or no?
>
> A. If that's what I did, but that's not what I did.

charged with assaulting a public servant because the defendant "flatly denied" touching the officer and testified that he did not feel like he was "resisting or nothing like that"). The jury could have found appellant guilty of attempted theft because there was more than a scintilla of evidence that he (1) intended to steal the truck, (2) did an act amounting to more than mere preparation, and (3) failed to effect the commission of the offense because he failed to exercise control over the truck.

Paying no heed to *Jones* and its progeny, the substitute majority opinion focusses instead on cases addressing the sufficiency of the evidence for theft. The substitute majority opinion reasons that a theft offense "occurs" when the defendant is present without permission behind the steering wheel of a motor vehicle. This analysis, however, deprives the jury of fulfilling its important role to decide questions of fact.

I agree with then-Justice Alcala's reasoning in *Sweed*—legal sufficiency cases are unpersuasive for determining whether a jury rationally could have found that appellant committed attempted theft versus theft. *See Sweed v. State*, 321 S.W.3d 42, 50–51 (Tex. App.—Houston [1st Dist.] 2010) (Alcala, J., dissenting) (agreeing the evidence was legally sufficient, but the issue of whether a lesser-included-offense instruction should be given is not addressed by legal sufficiency cases), *rev'd*, 351 S.W.3d 63 (Tex. Crim. App. 2011). I would hold, as the Court of Criminal Appeals held in *Sweed*, that "the evidence presented is subject to different interpretations." *See* 351 S.W.3d at 68. "It is the jury's role, not the court's, to determine whether there is sufficient evidence to support a lesser-included offense." *Id.* at 69. The error in in this case is "easily preventable by one simple rule: Judges should not refuse to allow juries to decide questions of fact." *Sweed*, 321 S.W.3d at 52 (Alcala, J., dissenting).[2]

---

[2] Regardless of the propriety of relying on sufficiency cases, the substitute majority opinion's sufficiency cases are factually distinguishable and do not hold that no jury rationally could find attempted theft under the evidence presented. *See Barnes v. State*, 513 S.W.2d 850, 851 (Tex. Crim. App. 1974) (noting that the appellant had started the motor, placed his hands on the steering wheel, and

3

Finally, appellant suffered some harm because it is undisputed that the thirty-year penalty appellant received for theft exceeds the twenty-year maximum sentence for an enhanced attempted theft. *See, e.g., Bridges v. State*, 389 S.W.3d 508, 512–13 (Tex. App.—Houston [14th Dist.] 2012, no pet.). As such, I would grant appellant's motion for rehearing, reverse the trial court's judgment, and remand for a new trial.

Because the panel denies appellant's motion for rehearing and issues a substitute majority opinion affirming appellant's conviction, I respectfully dissent.

/s/     Sharon McCally
          Justice

Panel consists of Chief Justice Frost and Justices Boyce and McCally. (Boyce, J., majority).

Publish — Tex. R. App. P. 47.2.

---

harbored the "obvious intent to drive it away"); *Ward v. State*, 446 S.W.2d 304, 305–06 (Tex. Crim. App. 1969) (noting that the defendant was found sitting behind the steering wheel twenty-two days after the car went missing from a different location); *Esparza v. State*, 367 S.W.2d 861, 862 (Tex. Crim. App. 1963) (holding that the evidence was sufficient because "by pushing the automobile away from the place where he had found it, [Esparza] had exercised sufficient dominion and control"); *Krause v. State*, 206 S.W.2d 257, 258 (Tex. Crim. App. 1947) (noting that the automobile "was not at the place where [the owner] had parked it but had been moved").

Appellant's reliance on *Denton*, a legal sufficiency case, merely illustrates the fact that a jury found Denton guilty of attempted theft (rather than theft) when the jury was presented with a lesser-included-offense instruction for attempted theft under facts similar to Martinez's testimony here. *See Denton v. State*, 880 S.W.2d 255, 256 (Tex. App.—Fort Worth 1994) (noting that the defendant was charged with theft of a vehicle but the jury acquitted him of theft and convicted him of attempted theft; evidence showed that the defendant was sitting behind the wheel of the complainant's truck and revving the engine, but the truck had a transmission problem and could not be moved), *aff'd*, 911 S.W.2d 388 (Tex. Crim. App. 1995).